VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiffs*
 *Dany Geraldo and Wendoly E. Guzman*

UNITED STATES DISTRICT COURT

STATE OF NEVADA

DANY GERALDO and WENDOLY GUZMAN,

Plaintiffs,

v.

RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; R.C. WILLEY aka R.C. WILLEY FINANCIAL SERVICES, and JEROME R. BOWEN, ESQ.,

Defendant.

Case No.:

**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 § 1692, ET. SEQ. AND RELATED STATE LAWS AND JURY DEMAND**

Plaintiffs, DANY GERALDO and WENDOLY E. GUZMAN ("Plaintiffs"), by and through their attorney of record, Vernon Nelson, Esq. of the Law Office of Vernon Nelson, and for their claims for relief against defendants, RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation ("Defendant" or "ASN"); R.C. WILLEY aka R.C. WILLEY FINANCIAL SERVICES ("Defendant" or "RC WILLEY"), and ATTORNEY JEROME R. BOWEN, ESQ. ("Defendant" or "Bowen"), complains and alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and related State Law Claims.

2.    This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3.    Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiffs and

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

1 Defendants reside and/or do business in the District of Nevada; and the acts of the Parties occurred in
2 the District of Nevada.

3 **PARTIES**

4     1.    Plaintiffs are adult individuals who reside in the State of Nevada and each are a
5 "consumer" as defined by 15 U.S.C. § 1692a (3).

6     2.    ASN is a domestic corporation doing business in the State of Nevada and ASN is a
7 debt collector as that term is defined by 15 U.S.C. § 1692a (6

8     3.    R.C. WILLEY aka R.C. WILLEY FINANCIAL SERVICES is a provider of credit, for
9 purposes of purchasing goods, and is headquartered in Salt Lake City, Utah. R.C. WILLEY is an
10 assignor of debts who regularly and in the ordinary course of business assigns, transfers and
11 authorizes collection agencies and/or debt collectors to perform all acts necessary for collection,
12 settlement, adjustment, compromise or satisfaction of RC WILLEY's debt claims that are in default.

13     4.    Bowen is an attorney licensed to practice/doing business in the State of Nevada and
14 Bowen is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

15 **FACTUAL ALLEGATIONS**

16     5.    Plaintiffs incorporate by reference each and every allegation previously made in this
17 Complaint, as if fully set forth herein.

18     6.    Defendants allege that Plaintiffs entered a contract with R.C. WILLEY ("The
19 Contract").

20     7.    The Contract was governed by Utah Law.

21     8.    Defendants allege that Plaintiffs failed to pay the amount owed to R.C. WILLEY under
22 the Contract ("The Debt").

23     9.    Defendants allege that R.C. WILLEY assigned The Debt to Defendant ASN.

24     10.    Defendant ASN engaged Defendant BOWEN to file suit against Plaintiffs.

25     11.    As part of the documents that the Defendant ASN, by and through its attorney,
26 Defendant BOWEN filed with the Eighth Judicial District Court, Clark County, Nevada in Case No.
27 A-14-702297-C in support of the Defendant ASN's Application for Default Judgment, Defendants
28 filed a document entitled "Confidential Legal Authorization". This Confidential Legal Authorization

1 | purported to assign The Debt from Defendant R.C. WILLEY to Defendant ASN. According to the
2 | Confidential Legal Authorization, the balance of The Debt assigned was $8,080.38.

3 |       12.     In addition, as part of the documents filed with the Court as referenced in the preceding
4 | paragraph, the Defendant also filed an Affidavit/Declaration of Custodian of Records signed by Bryn
5 | Wicks that states that a contractual collection fee of $4,040.19 (which is equal to 50% of the principal
6 | balance that Defendant R.C. WILLEY assigned to Defendant ASN).

7 |       13.     As the Contract is governed by Utah Law, the contractual collection fee could not
8 | exceed 40% of the principal balance of The Debt. Since the contractual collection fee was equal to
9 | 50% of the principal balance of The Debt, the contractual collection fee that was assessed is in direct
10 | violation of Utah law.

11 |       14.     § 1692(g) of the FDCPA requires that debt collectors provide debtors with notice of the
12 | debt. Upon information and belief, the Defendants unlawfully failed to notify the Plaintiffs that the
13 | alleged amount owed by the Plaintiffs included a collection fee equal to 50% of the principal balance
14 | of The Debt. (The unlawful addition of the contractual collection fee shall be referred to as the
15 | **"Collection Fee Violations"** and the failure to comply with §1692(g) of the FDCPA shall be referred
16 | to as the **"§ 1692(g) Violations".)**

17 |       15.     In addition, the Defendants have unlawfully charged Plaintiffs 24% interest on the total
18 | amount allegedly due including the unlawful contractual collection fee.

19 |       16.     Upon information and belief, Defendants R.C. WILLEY charged-off The Debt and
20 | stopped adding contractual interests. Upon information and belief, Defendants ASN has unlawfully
21 | added additional interests to The Debt. (The acts of the Defendants as described in the preceding
22 | Paragraphs 15 shall be collectively referred to as "the **Interest Fees Violations".)**

23 |       17.     INTENTIONALLY DELETED.

24 |       18.     The FDCPA prohibits abusive debt collection practices by debt collectors. In this
25 | regard, the FDCPA sets certain standards for debt collectors and their communications with debtors.
26 | These standards include: (1) the requirement that debt collectors advise debtors of their rights to
27 | dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in
28 | attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or

1   unconscionable means," such as charging debtors for unauthorized fees beyond the amount in arrears.

2       19.     Defendants committed several violations of the FDCPA. Defendants used "unfair and

3   unconscionable means" to collect the debt by committing The Collection Fee Violations. Also,

4   Defendants violated the FDCPA by committing the 1692(g) Violations and The Interest Fees

5   Violations.

6       20.     Defendants violations of the FDCPA have caused the Plaintiffs to suffer substantial

7   damages. In this regard, the Plaintiffs have suffered: (1) substantial economic damages; (2) severe

8   emotional damages, and (3) damages to their credit history and reputation.

9       21.     In addition, the Plaintiffs have incurred substantial attorney's fees.

10      22.     The actions of Defendants were committed by other persons or entities employed by

11  the Defendants. The actions of the Defendants were incidental to, or of the same general nature as, the

12  responsibilities that these agents were authorized to perform by any of the Defendants.

13      23.     The actions of the Defendants were committed in their capacity as agents of their

14  principal. The actions of the Defendants were committed within the scope and authority granted by of

15  their principal and were motivated to benefit their principal

16      24.     Defendants are therefore liable to Plaintiffs through the doctrine of Respondeat

17  Superior for the unlawful actions of their employees, including but not limited to violations of the

18  FDCPA and the laws of the State of Nevada.

19                              **FIRST CLAIM FOR RELIEF**

20          **[Violations of the FDCPA, 15 U.S.C. § 1692, et. seq. against Defendants]**

21      25.     Plaintiffs incorporate by reference each and every allegation previously made in this

22  Complaint, as if fully set forth herein.

23      26.     Defendants are "debt collectors" under the FDCPA.

24      27.     Within the past year, Defendants, who are debt collectors under the FDCPA, committed

25  several violations of the FDCPA.

26      28.     Defendants used "unfair and unconscionable means" to collect the debt by committing

27  The Collection Fee Violations. Also, Defendants violated the FDCPA by committing the § 1692(g)

28  Violations and The Interest Fees Violations.

29.     In committing the 1692(g) Violations and The Interest Fees Violations, Defendants committed numerous violations of the FDCPA; including but not limited to:

A.     by "mischaracterizing the character, amount, and legal status of the Debt."

B.     by employing various false representations and deceptive means to collect the alleged Debt.

C.     by taking illegal action to collect The Debt.

D.     by attempting to collect more than was due on The Debt.

30.     The Collection Fee Violation, the 1692(g) Violations and The Interest Fees Violations and other numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA. As a result of such violations, the Plaintiffs are entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

31.     As a result of Defendants 'unlawful conduct, Plaintiffs have suffered economic and emotional distress damages.

32.     Plaintiffs have been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### [Abuse of Process]

33.     Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

34.     Defendants commenced and/or prosecuted legal proceedings against Plaintiffs for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA.

35.     By attempting to collect the unlawful rates of interest and by prosecuting an action based on unlawful collection practices committed by the Defendants, the Defendants conducted a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding.

36.     Plaintiffs have suffered damages as a consequence of Defendants' abuse of the legal process in an amount to be determined by a jury at trial.

**THIRD CLAIM FOR RELIEF**

**[Violation of NRS Chapter 598 Deceptive Trade Practices]**

37.     Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

38.     Plaintiffs are "consumer" pursuant to the NRS Chapter 598 Deceptive Trade Practices.

39.     Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 598.

40.     Plaintiffs have suffered and continue to suffer damages as a result of the Defendants' unfair and deceptive acts and conduct.

41.     Plaintiffs are entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by NRS Chapter 598.

**FOURTH CLAIM FOR RELIEF**

**[Civil Conspiracy]**

42.     Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

43.     The Defendants undertook a concerted action with the intent to commit the Collection Fee Violations, the 1692(g) Violations and The Interest Fees Violations.

44.     The purpose of the conspiracy was to damage the Plaintiffs.

45.     The Plaintiffs suffered damages as a result of the conspiracy.

WHEREFORE Plaintiffs prays for judgment against Defendants for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs demands trial by jury of all of the issues in this action.

3

DATED this 3rd day of January, 2017.

4

THE LAW OFFICE OF VERNON NELSON

5

By:    _*/s/ Vernon Nelson*_

6

VERNON NELSON, ESQ.

Nevada Bar No.: 6434

7

9480 S. Eastern Avenue, Suite 244

Las Vegas, NV 89123

8

Tel: 702-476-2500

Fax: 702-476-2788

9

E-Mail: vnelson@nelsonlawfirmlv.com

*Attorney for Plaintiffs*

10

*Dany Geraldo and Wendoly E. Guzman*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28