**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jmoser@maclaw.com
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada and*
*RC Willey aka RC Willey Financial Services*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANY GERALDO and WENDOLY GUZMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; RC WILLEY aka RC WILLEY FINANCIAL SERVICES and ATTORNEY JEROME R. BOWEN, Esq.,<br><br>Defendants. | Case No.:2:17-cv-00015-JCM-PAL<br><br>**DEFENDANT RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT** |

Defendant Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp"), by and through its attorneys of record, the law firm of Marquis Aurbach Coffing, and pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(6), and 12(e), hereby file their Reply in Support of Motion to Dismiss or, Alternatively, Motion for More Definite Statement ("Reply").

This Reply is based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court should not be distracted by Plaintiffs Dany Geraldo's and Wendoly Guzman's ("Plaintiffs") misrepresentations and numerous red herrings throughout their Response [ECF No. 11] submitted in opposition to AcctCorp's Motion to Dismiss [ECF No. 7] ("Motion").  A close look at Plaintiffs' factual representations will show them to be false, and a careful examination and application of binding authority dictates that none of Plaintiffs' claims should survive dismissal.  Indeed, Plaintiffs' claims are barred by (1) judicial estoppel, (2) the *Rooker-Feldman* doctrine, (3) claim preclusion, (4) issue preclusion, (5) the statute of limitations, and (6) Nevada law governing their state law causes of action.

Therefore, AcctCorp respectfully requests that this Court grant the Motion and dismiss Plaintiffs' Complaint [ECF No. 1] in its entirety and with prejudice.

## II.  LEGAL ARGUMENT

### A.  PLAINTIFFS ABSOLUTELY KNEW OF THE STATE COURT ACTION, AND THEIR FAILURE TO IDENTIFY THEIR INSTANT CLAIMS IN THEIR BANKRUPTCY PROHIBITS THIS LAWSUIT FROM PROCEEDING.

The very case cited by Plaintiffs supports AcctCorp's argument that the entire Complaint must be dismissed with prejudice because the claims are barred.  *See* Pls.' Response [ECF No. 11], at 8:5-7 (citing *Ah Quin v. Cnty. of Kauai DOT*, 733 F.3d 267, 271 (9th Cir. 2013) (holding that "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), *judicial estoppel bars the action*.") (emphasis added)).

As *Ah Quin* cites, "Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights.  This is a palpable fraud that the court will not tolerate, even passively." 733 F.3d at 271 (citing *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993)) (other citation omitted).  "The reason is that

MAC:14665-005 3010171_1 2/21/2017 9:25 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim *does* exist." *Id.* (emphasis in the original). The *Ah Quin* court goes on to undermine Plaintiffs' arguments when it states, with respect to "the effect of an inadvertent or mistaken omission," that "courts generally have interpreted this factor narrowly." *Id.* The "importance of full and honest disclosure cannot be overstated," so the "interpretation of 'inadvertence' is narrow in part because the motive to conceal claims from the bankruptcy court is … nearly always present." *Id.*

### 1. **Plaintiffs Were Served and Knew of the State Court Action.**

This is not a case like *Ah Quin*, where the plaintiff-debtor inadvertently omitted claims from the bankruptcy schedules, then moved within a year to reopen the bankruptcy to rectify her wrong. Rather, here, Plaintiffs have made blatant misrepresentations to this Court that they had no knowledge of the underlying State Court Action. This position, however, is belied by the record and by Nevada law.

Plaintiffs were both served by leaving copies of the summonses and complaint with Plaintiff Dany Geraldo.[1] Given that Plaintiffs were personally served with the complaint in the underlying State Court Action, there can be no legitimate dispute that Plaintiffs were aware of the State Court Action and of the facts that would allegedly give them a basis for their instant claims. *See* NEV. R. CIV. P. 4(d)(6) (stating that service upon an individual may be made "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"); *see also* FED. R. CIV. P. 4(e)(2)(B) (same); *Conforte v. Hanna*, 76 Nev. 239, 242, 351 P.2d 612, 614 (1960) (recognizing a presumption of validity of the affidavit of service of summons).

/ / /

---

[1] *See Richalnd Holdings, Inc. d/b/a AcctCorp of So. Nev. v. Geraldo et al.*, Case No. A-14-702297-C (the "State Court Action"), Affs. of Serv. (filed July 7, 2014), true, accurate, and authentic copies of which are attached hereto for the Court's reference and convenience as **Exhibit 1**. As Plaintiffs concede, the Court may take judicial notice of these documents in considering the instant Motion. *See* Pls.' Response [ECF No. 11], at 3 n.2.

MAC:14665-005 3010171_1 2/21/2017 9:25 AM

**2.** **Plaintiffs Actions in Bankruptcy Demonstrate Their Knowledge of AcctCorp's Pursuit of Their Debt, so Their FDCPA Claims Accrued No Later Than the Date When Judgment was Entered Against Them.**

Plaintiffs may have been defaulted in the State Court Action, but their action in the bankruptcy proceedings shows that they were aware of the assignment of their debt to AcctCorp, which was pursuing its assignee interest therein.

In fact, Plaintiffs filed their Joint Voluntary Petition under Chapter 13 at 13:25:41, or 1:25 p.m., on November 19, 2014.[2] Thirty-five minutes later, Plaintiffs filed an Amended Schedule F, identifying creditors holding unsecured non-priority claims, which added AcctCorp as a creditor.[3] Clearly, Plaintiffs and their various counsel have not just recently "learned of this" State Court Action, as Plaintiffs explain occurred in *Ah Quin*.[4]

Plaintiffs' one-year statute of limitations, therefore, began to run no later than the time judgment was entered in the State Court Action, and before their bankruptcy petition was filed, because Plaintiffs unquestionably knew of the facts giving rise to their alleged FDCPA claims. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (stating, in an FDCPA context, that "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") (citation omitted); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (holding that "[f]ederal law determines when a cause of action accrues" under a federal statute).

To be clear, Plaintiffs' claims do not accrue when they obtain a legal understanding of their claims; rather, "[u]nder federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief." *Pouncil v. Tilton*, 704 F.3d

---

[2] *See generally* Voluntary Petition [ECF No. 7-4] (file stamped as "Entered 11/19/14 13:25:41").

[3] *Compare id.*, at 23-31 (identifying unsecured non-priority creditors but omitting AcctCorp) *with* Am. Schedule F [ECF No 7-6], at 2 (file stamped as "Entered 11/19/14 14:10:32" and identifying, for the first time, AcctCorp as an unsecured non-priority creditor).

[4] *See* Pls.' Response [ECF No. 11], at 8:16 (citing *Ah Quin*, 733 F.3d at 269-70).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

568, 573-74 (9th Cir. 2012) (citations omitted); *see also Mangum v. Action Collection Servs., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (discussing the discovery rule in the context of FDCPA claims and holding that "a ***limitations period begins to run when the plaintiff*** knows or ***has reason to know of the injury*** which is the basis of the action") (citations omitted) (emphases added). Indeed, federal courts have recognized that

> in order for a claim to exist, the plaintiff must have some elemental knowledge of it. ***This does not mean, however, that a plaintiff must have complete knowledge of all elements or a legal understanding of the nature of the claim before his claim exists***. Such a completely subjective interpretation would defeat the public-interest policy for limitations periods, that at some point the right to be free of stale claims comes to prevail over the right to prosecute them.

*Lekas v. United Airlines, Inc.*, 282 F.3d 296, 299-300 (4th Cir. 2002) (citing *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352 (1979)) (emphasis added).

Certainly, Plaintiffs have had reason to know, since October 2014, at the latest, (1) whether they received validation of debt letters, (2) what interest they were being charged, and (3) what collection fees were being charged.[5] This case does not present a case of innocent "mistake" as the court in *Ah Quin* faced, nor is this Court bound by the same generous standard that governed the *Ah Quin* court's review of a summary judgment ruling. *See* 733 F.3d at 278. Plaintiffs do not present the slightest scintilla of evidence to support their blanket arguments of "inadvertence" or "mistake."[6] Indeed, allowing this case to proceed would condone two separate deceits upon two separate courts – (1) the Plaintiffs' deceit of the Bankruptcy Court by failing to identify assets before discharge or plan confirmation and (2) deceit of *this* Court by Plaintiffs' multiple representations that they were unaware of the State Court Action, of which they obviously *were* aware. This is precisely the behavior that judicial estoppel is intended to prevent.

/ / /

---

[5] As to each of these, AcctCorp maintains that its actions were in full compliance with the FDCPA.

[6] *See generally* Pls.' Response [ECF No. 11], at 8:25-9:4.

MAC:14665-005 3010171_1 2/21/2017 9:25 AM

1 Therefore, because Plaintiffs knew about the State Court Action and the facts giving rise to the instant claims, yet decided (1) not to participate and then (2) not to identify their alleged FDCPA claims in bankruptcy, only to later come to this Court years late and blatantly lie about their knowledge of the State Court Action, they must be estopped from bringing their claims now, and the Complaint [ECF No. 1] must be dismissed in its entirety and with prejudice.

### B. PLAINTIFFS' CHALLENGE OF THE AMOUNTS AWARDED IN THE STATE COURT ACTION IS A DE FACTO REQUEST TO MODIFY THAT JUDGMENT.

Plaintiffs maintain that their claims do not seek to change the amounts awarded by the State Court Action in an attempt to remove their Complaint from the clear purview of the *Rooker-Feldman* doctrine and the doctrines of issue and claim preclusion. Plaintiffs' claims, however, directly challenge (1) the collection fees and (2) the interest charged and ultimately awarded as part of the State Court Action judgment and are "inextricably intertwined" with the judgment amount in the State Court Action.[7] Therefore, the Court lacks subject-matter jurisdiction under *Rooker-Feldman* and must also dismiss Plaintiffs' claims under the principles of issue and claim preclusion.

#### 1. The *Rooker-Feldman* Doctrine Bars Plaintiffs' Claims.

Plaintiffs cite several non-binding cases, several of which are unpublished from sister courts, to support their argument against application of the *Rooker-Feldman* doctrine and issue and claim preclusion, and the Court need not look to those decisions for direction in light of on-point binding authority. The binding decision to which *Garduno* cites is *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013). Additional persuasive authority does exist, however, to support application of these principles and, accordingly, dismissal.

In *Bell*, the Ninth Circuit explained that "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury

---

[7] *Id.*, at 10:21 (citing *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923, 926 (D. Ariz. 2015).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

caused by a state court judgment, and seeking federal court review and rejection of that judgment." 709 F.3d at 897 (citation omitted). Although *Bell* delineates that "even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court," and Plaintiffs try to disclaim any error by the state court, the result of Plaintiffs' instant challenge cannot be ignored. *Id.* (citations omitted). In fact, other persuasive authority, from the Central District of California, shows that while some claims may survive *Rooker-Feldman* dismissal, others undoubtedly require dismissal. *See Riding v. CACH LLC*, 992 F. Supp. 2d 987, 994 (C.D.Cal. 2014). In *Riding*, the court listed the plaintiff's eight bases for relief under the FDCPA but noted that the plaintiff's allegations of FDCPA violations relating to the amounts that the defendants had asserted the plaintiff owed were barred. *See id.* The *Riding* court concluded that

> the state court, by issuing a default judgment against Plaintiff, *already determined that Plaintiff was liable for that debt*. If this Court were to hold otherwise, it would undercut the state court ruling. Thus, *to the extent that Plaintiff's FDCPA claims are premised on the proposition that Plaintiff is not liable for the debt, the Court finds that those claims are barred by the Rooker–Feldman Doctrine*.

*Id.* (citations omitted) (emphases added).

The only claim to which *Rooker-Feldman* may not apply would be the so-called "1692g Violations" relating to a validation letter, but those claims are also barred by judicial estoppel, as set forth above, and the statute of limitations, as set forth below. *See Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1239-40 (W.D.Cal. 2012) (dismissing, under the *Rooker-Feldman* doctrine, the plaintiff's claims relating to allegations (1) that plaintiff was never served in the state court action; (2) that plaintiff does not owe the debt at issue in the state court action; (3) that defendant obtained money it should not have, and (4) that the affidavit submitted in support of the request for default judgment was "false and fraudulent," while allowing the FDCPA notice claim to proceed). The court in *Fleming v. Gordon &*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219 (N.D.Cal. 2010), faced a situation almost identical to the instant case and ultimately concluded, as should this Court, as follows:

> Plaintiff's FDCPA claim is barred by the *Rooker–Feldman* doctrine. Plaintiff's alleged injury is based on her contention that only $149.98 remained due to Defendant when Defendant filed … seeking $1869.00. ***To evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt recognized by the state court … Thus, adjudication of Plaintiff's FDCPA claim would undercut the state court's judgment and constitute a de-facto appeal***.

723 F. Supp. 2d at 1223 (emphasis added).  The limited binding authority cited by Plaintiffs even supports the dismissal of all claims relating to the State Court Action.[8]

### 2. Issue and Claim Preclusion Bar Plaintiffs' Claims.

Plaintiffs confuse the distinction between the scenario presented in the cases cited in Plaintiffs' Response [ECF No. 14] – *i.e.,* a debt collector's counterclaims to collect the underlying debt in a lawsuit brought to assert FDCPA violations, and the converse, at issue here – FDCPA claims as counterclaims to a lawsuit seeking to collect the delinquent debt.

#### a. Plaintiffs' authority addresses the opposite situation as what is now before this Court.

Plaintiffs attempt to make a creative argument to distract the Court from what the case of *Mostin v. GL Recovery, LLC*, No. SACV 09–0650 AG (ANx), 2010 WL 668808 (C.D.Cal. Feb. 19, 2010), actually considered.  Upon closer examination, the Court will see that the decision is completely inapposite to the instant case.

In considering the exercise of supplemental jurisdiction, *Mostin* considered whether the *debt collector's claims* to collect the underlying debt were compulsory counterclaims *to the plaintiff's FDCPA claims*.  *See id.* at *1.  This was particularly important under the FRCP because "federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis." *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1306 (D.Nev. 2003) (citations omitted).

---

[8] *See* Pls.' Response [ECF No. 11], at 11:17-20 (citing *Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 910 (9th Cir. 2007) (*Rooker-Feldman* applies when the plaintiff assert that its injury was caused by errors in the state court and it seeks a remedy from the state court judgment).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

The above circumstances are not present here, and AcctCorp's arguments in this case have nothing to do with counterclaims and jurisdiction under the FRCP. As cited in AcctCorp's Motion [ECF No. 7], in determining the preclusive effect of a State court judgment, federal courts "apply the forum state's law" relating to preclusion. *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citations omitted). Plaintiffs ignore *Plyam*'s instruction in this regard, citing to federal law to try to make their point, but Nevada law bars Plaintiffs' claims.

### b. Under Nevada law, which applies here, Plaintiffs' claims are forbidden by issue and claim preclusion.

Under applicable rules and law, Plaintiffs' claims for FDCPA violations relating to the underlying debt were compulsory counterclaims to AcctCorp's lawsuit to collect that debt. *See* NEV. R. CIV. P. 13(a) ("A pleading *shall* state as a counterclaim *any* claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim …*" except in circumstances not applicable here).

Plaintiffs' claims for alleged FDCPA violations arose "out of the transaction or occurrence that [was] the subject matter of [AcctCorp's] claim." NEV. R. CIV. P. 13(a). Therefore, Plaintiffs' claims are, without question, barred by the doctrine of claim preclusion. As the court in *Executive Management, Limited v. Ticor Title Insurance Company*, 114 Nev. 823, 963 P.2d 465 (1998), held, where a party fails to assert compulsory counterclaims, the party is barred by claim preclusion from bringing those claims in a later lawsuit. *See id.* at 836, 963 P.2d 474.

Plaintiffs' claims are, similarly, barred by the doctrine of issue preclusion. The case of *In re Howard*, 126 Nev. 136, 232 P.3d 422 (2010) (per curiam), to which Plaintiffs cite[9] to argue against issue preclusion, is easily distinguishable from the instant case. For

---

[9] Plaintiffs cite this case as *Howard v. Sandoval*. *See* Pls.' Response [ECF No. 11], at 14:27.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

example, unlike these Plaintiffs who were personally served, in *Howard*, the plaintiffs were served by publication and nothing in that record demonstrated their awareness of the underlying lawsuit. *See id.* at 141, 232 P.3d at 425 ("Here, the default judgment was entered after the summons was served by publication.  There is no evidence that Sandoval had knowledge of the case before the default judgment."). Also, unlike in *Howard*, where the defendant "did not participate in any manner in the prior case," here, Plaintiffs acknowledged the assignment of their debt to, and pursuit of the same by, AcctCorp when they amended their bankruptcy schedule.[10]  Moreover, in *Howard*, the bankruptcy court sought to ultimately "determine the dischargeability of a debt embodied in a Nevada default judgment … ," completely dissimilar to the issues before this Court.

In this case, where Plaintiffs were personally served, under Nevada Rule of Civil Procedure 4(d)(6), and took some action in acknowledgment of the underlying lawsuit, the issues were actually litigated and are now barred by issue preclusion.

### C. PLAINTIFFS' ABUSE OF PROCESS CLAIM FAILS AS A MATTER OF LAW.

Nevada's seminal case on abuse of process claims, as cited by AcctCorp and by Plaintiffs, is *LaMantia v. Redisi*, 118 Nev. 27, 38 P.3d 877 (2002), which requires a plaintiff to show "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Id.* at 30, 38 P.3d at 879 (footnote reference omitted).  Authority cited in AcctCorp's Motion demonstrates that federal courts have held that the filing of lawsuit is a regular use of process that does not give rise to an abuse of process claim.  *See generally Silva v. Lustig, Glaser & Wilson P.C.*, No. 15-cv-13673, 2016 WL 1301055, at * 4 (D.Mass. Apr. 1, 2016) (citing *Simon v. Navon*, 71 F.3d 9, 15-16 (1st Cir. 1995) (setting out elements

---

[10] *See* Pls.' Am. Schedule F [ECF No. 7-6] (identifying AcctCorp as a creditor).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

of malicious prosecution and abuse of process analogous to the same claims under Nevada law); *Millennium Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 636 (2010) (same).

In fact, even the case cited by Plaintiffs supports AcctCorp's position that Plaintiffs' claim fails as a matter of law. Not surprisingly, Plaintiffs brush right over the portion of the *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011), decision that completely defeats their arguments. As a threshold, the *McCollough* opinion is noteworthy because the Ninth Circuit was bound to look only for "substantial evidence" following a jury verdict. *See id.* at 955 ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion.") (citation omitted).

Although both the plaintiff in *McCollough* and Plaintiffs, here, allege that the defendant "filed a lawsuit 'with an ulterior purpose of extracting money … ,' " unlike in *McCollough* where the plaintiff-turned-defendant had "no valid legal claim" based on the time-barred nature of those asserted, here, Plaintiffs acknowledge that they owed a legitimate debt.[11] Therefore, the Plaintiffs cannot maintain their claim for abuse of process. *See Land Baron Inv. v. Bonnie Springs Family LP*, 131 Nev. Adv. Op. 69, 356 P.3d 511, 519 (2015) ("[T]he [abuse of process] claimant must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose.") (citing *LaMantia*, 118 Nev. at 31, 38 P.3d at 880 (holding that where the party presented only conjecture and no evidence that the opposing party actually intended to improperly use the legal process for a purpose other than to resolve the legal dispute, there was no abuse of process)).

/ / /

/ / /

---

[11] *See* Compl. [ECF No. 1], at ¶¶ 9-12 (acknowledging the underlying contract and default thereunder); *see also* Mot., Ex. 4 [ECF No. 6-4], at 39 (identifying debt as an unsecured non-priority debt).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Therefore, because Plaintiffs assert only conclusory conjecture and cannot plead any facts giving rise to an abuse of process claim, the claim, along with all others, must be dismissed with prejudice on its merits, as well as for the reasons set forth above and below.

### D. PLAINTIFFS' CLAIMS ARE ALL BARRED BY THE APPLICABLE ONE-YEAR STATUTE OF LIMITATIONS.

Plaintiffs concede: "… FDCPA's one (1) year statute of limitations is applicable the [sic] State Law Claims and that the Discovery Rule applies."[12, 13]  Because Plaintiffs' claims would have accrued far earlier than one year prior to commencement of this lawsuit, all of Plaintiffs' claims are time-barred and must be dismissed on this basis as well.

To reiterate, "[u]nder federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief." *Pouncil*, 704 F.3d at 573-74 (citations omitted); *see also Mangum*, 575 F.3d at 940 (discussing the discovery rule in the context of FDCPA claims and holding that "a ***limitations period begins to run when the plaintiff*** knows or ***has reason to know of the injury*** which is the basis of the action") (citations omitted) (emphases added).  Plaintiff need not have "a legal understanding of the nature of the claim" because "[s]uch a completely subjective interpretation would defeat the public-interest policy for limitations periods … " *Lekas*, 282 F.3d at 299 (citation omitted).

Plaintiffs argue that their claims accrued in December 2016, when they spoke to a credit repair agency.  Plaintiffs' statute of limitations, though, ran long before December 2016.  Plaintiffs' claims would have commenced no later than October 2014, and, more likely, would have accrued in July 2014, when they were served with legal process in the

---

[12] Pls.' Response [ECF No. 11], at 20:21-22.

[13] Plaintiffs incorrectly argue that AcctCorp provides no authority to support the contention that Plaintiffs are forbidden from recharacterizing their claims to avoid the applicable one-year statute of limitations. AcctCorp, however, cited to binding authority from the Ninth Circuit, which held that "**Inconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action**."  Mot. [ECF No. 7], at 15:23-16:2 (citing *Clark v. Musick*, 623 F.2d 89, 92 (9th Cir. 1980) (citation omitted) (emphasis added)).

MAC:14665-005 3010171_1 2/21/2017 9:25 AM

State Court Action. Therefore, Plaintiffs' claims are time-barred and must be dismissed in their entirety and with prejudice.

### III. CONCLUSION

For the foregoing reasons, AcctCorp respectfully requests that its Motion to Dismiss [ECF No. 7] be granted, and that Plaintiffs' Complaint [ECF No. 1] be dismissed in its entirety and with prejudice because all of the claims are prohibited as a matter of law.

Dated this 21st day of February, 2017.

MARQUIS AURBACH COFFING

By  */s/ Jared M. Moser*
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada and RC Willey Financial Services*

MAC:14665-005 3010171_1 2/21/2017 9:25 AM

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S REPLY TO MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 21st day of February, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

The Law Office of Vernon Nelson
Vernon A. Nelson, Jr. Esq.
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel:  702-476-2500
Fax:  702-476-2788
vnelson@nelsonlawfirmlv.com
*Attorneys for Plaintiffs*

/s/ Barb Frauenfeld
an employee of Marquis Aurbach Coffing

MAC:14665-005 3010171_1 2/21/2017 9:25 AM