**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jmoser@maclaw.com
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada and*
*RC Willey aka RC Willey Financial Services*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANY GERALDO and WENDOLY GUZMAN,<br><br>        Plaintiffs,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; RC WILLEY aka RC WILLEY FINANCIAL SERVICES and JEROME R. BOWEN, ESQ.,<br><br>        Defendants. | Case No.:2:17-cv-00015-JCM-PAL<br><br>**DEFENDANTS RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S AND RC WILLEY A/K/A RC WILLEY FINANCIAL SERVICES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** |

Defendant Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp") and RC Willey a/k/a RC Willey Financial Services, by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, and pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(1) and 12(b)(6), hereby file their Opposition to Plaintiffs' Motion for Leave to Amend Complaint [ECF No. 12] ("Opposition").

/ / /

/ / /

/ / /

1   This Opposition is based upon the following Points and Authorities, all pleadings
2 and papers on file herein, and any oral argument allowed by this Court at the time of hearing
3 on this matter.

4   Dated this 27th day of February, 2017.

MARQUIS AURBACH COFFING

By    */s/ Chad F. Clement*
    Terry A. Coffing, Esq.
    Nevada Bar No. 4949
    Chad F. Clement, Esq.
    Nevada Bar No. 12192
    Jared M. Moser, Esq.
    Nevada Bar No. 13003
    10001 Park Run Drive
    Las Vegas, Nevada  89145
    *Attorneys for Richland Holdings, Inc.*
    *d/b/a AcctCorp of Southern Nevada and*
    *RC Willey Financial Services*

MAC:14665-005 3010200_1 2/27/2017 2:22 PM

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Notwithstanding Plaintiffs Dany Geraldo's and Wendoly Guzman's ("Plaintiffs") argument that leave to amend is freely given when justice so requires, not every situation warrants leave to amend. Were that the case, leave would not be required. In this case, justice does not require amendment. Rather, consideration of Plaintiffs' bad faith and the futility of amendment both warrant a denial of Plaintiffs' Motion for Leave to Amend Complaint [ECF No. 12] ("Motion") and a dismissal of this matter with prejudice.

**II.   LEGAL ARGUMENT**

For the reasons set forth in greater detail in AcctCorp's Motion to Dismiss [ECF No. 7] ("Motion to Dismiss") and Reply in support thereof [ECF No. 13], Plaintiffs' claims cannot be resurrected by pleading additional factual allegations. In the interest of brevity and conservation of judicial resources, AcctCorp incorporates by this reference, all arguments, legal authority, exhibits, and requested relief in its Motion to Dismiss and Reply, with more specific reference to relevant sections below. Based on those points, authorities, and supporting evidence in the public record, the Court should be able to determine that Plaintiffs' request is futile and, further, that their conduct demonstrates bad faith in their lack of candor to this Court. Accordingly, Plaintiffs' Motion must be denied and their Complaint [ECF No. 1] dismissed in its entirety and with prejudice.

**A.   LEAVE TO AMEND IS NOT APPROPRIATE IN EVERY CIRCUMSTANCE AND SHOULD BE DENIED IN THIS MATTER.**

FRCP 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court," and refusal to grant leave is within that discretion as long as a "justifying reason appearing for the denial" is provided by the Court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). "The propriety of a motion for leave to amend is

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of So. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (citation omitted).

Because Plaintiffs' Motion and proposed amended complaint demonstrate the futility of amendment and Plaintiffs' bad faith, the instant Motion must be denied.

### 1. Plaintiffs' Proposed Amendment Would Be Futile, And Therefore, Their Motion Should Be Denied.

Plaintiffs' proposed amendment would be futile because their claims are time-barred, and Plaintiffs are judicially estopped from prosecuting claims they failed to identify as contingent assets in their bankruptcy proceedings. Moreover, Plaintiffs' claims are barred by issue and claim preclusion and are legally and factually deficient.

#### a. Plaintiffs' proposed amendment is futile because the applicable statute of limitations had already run long before their original Complaint was filed.

"[L]eave to amend need not be granted when it would be futile to do so. Such a situation arises when leave is sought to add a claim upon which the statute of limitations has run." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (citation omitted); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (holding that denial of leave to amend was appropriate where amended claims were barred by statute of limitations); *Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (same); *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (same).

Plaintiffs propose to amend their Complaint to assert new allegations relating to what they characterize as "discovery" of their FDCPA claims.[1] By these new allegations, Plaintiffs attempt to argue that they only discovered their claims, for claim accrual purposes,

---

[1] *See generally* Mot., ECF No. 12, at 3:23-24, 6:5-6. *See also id.* Ex. 1 [ECF No. 12-1] at 4:3-6.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

when they met with a credit repair organization in December 2016,[2] but Plaintiffs' ignore the law on claim discovery and accrual.

As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.A, at pages 5-6, outlining the applicable legal standard, and Section IV.D, pages 15-16, setting forth the governing and binding legal authority, which arguments and authority are hereby incorporated by this reference, all of Plaintiffs' claims are time-barred. AcctCorp's Reply [ECF No. 13] provides additional legal bases for dismissal of Plaintiffs' claims and denial of the instant motion on statute of limitations grounds, at Section II.A, pages 2-6, and Section II.D, pages 12-13. Some of the previously-cited authority, however, warrants reiteration.

For instance, the United States Supreme Court, in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352 (1979), made clear that a plaintiff's ignorance of his legal rights relating to facts of which he is aware or should be aware does not toll the applicable statute of limitations. *See id.* at 119-122, 100 S.Ct. at 359 ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); *see also Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) ("Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief.") (citations omitted). Indeed, the Fourth Circuit Court of Appeals held, in *Lekas v. United Airlines, Inc.*, 282 F.3d 296 (4th Cir. 2002), that

> in order for a claim to exist, the plaintiff must have some elemental knowledge of it. ***This does not mean, however, that a plaintiff must have complete knowledge of all elements or a legal understanding of the nature of the claim before his claim exists***. ***Such a completely subjective interpretation would defeat the public-interest policy for limitations periods, that at some point the right to be free of stale claims comes to prevail over the right to prosecute them.***

*Id.* at 299-300 (citation omitted).

/ / /

---

[2] *Id.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-005 3010200_1 2/27/2017 2:22 PM

Based on binding legal authority, and facts established by Plaintiffs' own conduct, Plaintiffs' claims accrued some time prior to entry of judgment against them in the State Court Action[3], which occurred in October 2014.[4]  Without a doubt, Plaintiffs had "possession of the critical facts" when they filed their Amended Schedule F in their bankruptcy case in November 2014,[5] such that, as to each, "others … can tell him if he has been wronged, … he need only ask." *Kubrick*, 444 U.S. at 122, 100 S.Ct. at 359.

Because all claims must have been filed, for statute of limitations purposes, no later than October 2015 (and arguably earlier), all claims[6] in Plaintiffs' Complaint [ECF No. 1] and Proposed Amended Complaint [ECF No. 12-1] are time-barred.  Thus, the instant Motion should be denied and the entire Complaint dismissed with prejudice.

      **b.   Plaintiffs' proposed amendment is futile because Plaintiffs are judicially estopped from asserting claims they failed to acknowledge in their bankruptcy schedules.**

As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.A, pages 5-6, outlining the applicable legal standard, and Section IV.A, pages 7-10, setting forth the governing and binding legal authority, which arguments and authority are hereby incorporated by this reference, Plaintiffs are judicially estopped from asserting the claims in both iterations of their Complaint [ECF Nos. 1 & 12-1].  AcctCorp's Reply [ECF No. 13] provides additional legal bases for dismissal of Plaintiffs' claims and denial of the instant

---

[3] The term "State Court Action" refers to the case of *Richland Holdings, Inc. dba AcctCorp of Southern Nevada v. Geraldo et al.*, Case No. A-14-702297-C, referenced in AcctCorp's Motion to Dismiss [ECF No. 7] and corresponding Reply [ECF No. 13].

[4] Defs.' Mot. to Dism., ECF No. 7, at 4, ¶¶ 4-5; ECF. No 7-3.

[5] Am. Schedule F [ECF No. 7-6], at 2.

[6] Plaintiffs concede that all of their claims fall under the one-year statute of limitations.  *See* Pls.' Opposition [ECF No. 11], at 20: 20-24 ("For purposes of this motion, ***Plaintiff is willing to accept Defendants position that FDCPA's one (1) year statute of limitations is applicable the State Law Claims and that the Discovery Rule applies. As is set forth in more detail above, under the FDCPA, the one (1) year limitations period commences upon Plaintiff's discovery of the claim***.") (emphasis added).

MAC:14665-005 3010200_1 2/27/2017 2:22 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

motion on judicial estoppel grounds, at Section II.A, pages 2-6. For the reasons set forth therein, the instant Motion must be denied and this action dismissed with prejudice.

      **c.    Plaintiffs' proposed amendment is futile because the Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' de facto appeal of the state court damages award.**

As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.B, at pages 6-7, outlining the applicable legal standard, and Section IV.B.1, pages 10-11, setting forth the governing and binding legal authority, which arguments and authority are hereby incorporated by this reference, this Court lacks subject-matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine, to adjudicate Plaintiffs' claims. AcctCorp's Reply [ECF No. 13] provides additional legal bases for dismissal of Plaintiffs' claims and denial of the instant Motion under the *Rooker-Feldman* doctrine, at Section II.B.1, pages 6-7. For the reasons set forth therein, the instant Motion must be denied and this action dismissed with prejudice.

      **d.    Plaintiffs' proposed amendment is futile because Plaintiffs' claims are all barred by issue and claim preclusion.**

As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.A, at pages 5-6, outlining the applicable legal standard, and Section IV.B.2, pages 12-13, setting forth the governing and binding legal authority, which arguments and authority are hereby incorporated by this reference, Plaintiffs' claims are barred by the principles of issue and claim preclusion. AcctCorp's Reply [ECF No. 13] provides additional legal bases for dismissal of Plaintiffs' claims and denial of the instant motion based on issue and claim preclusion, at Section II.B.2, pages 8-10. For the reasons set forth therein, the instant Motion must be denied and this action dismissed with prejudice.

      **e.    Plaintiffs' proposed amendment is futile because Plaintiffs' abuse of process claim fails as a matter of law.**

As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.A, at pages 5-6, outlining the applicable legal standard, and Section IV.C, page 14, setting forth the governing and binding legal authority, which arguments and authority are hereby incorporated by this reference, Plaintiffs' abuse of process claim fails as a matter of law.

MAC:14665-005 3010200_1 2/27/2017 2:22 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  AcctCorp's Reply [ECF No. 13] provides additional legal bases for dismissal of Plaintiffs'
2  abuse of process claim as legally and factually deficient, and denial of the instant motion
3  with respect to that claim, at Section II.C, pages 10-12.  For the reasons set forth therein, the
4  instant Motion must be denied and this action dismissed with prejudice.

### f. Plaintiffs' proposed amendment is futile because Plaintiffs' civil conspiracy claim fails as a matter of law.

7  As detailed in AcctCorp's Motion to Dismiss [ECF No. 7], at Section III.A, at pages
8  5-6, outlining the applicable legal standard, and Section IV.F, page 17, setting forth the
9  governing and binding legal authority, which arguments and authority are hereby
10 incorporated by this reference, Plaintiffs' civil conspiracy claim fails as a matter of law.
11 Therefore, the instant Motion must be denied and this action dismissed with prejudice.

### 2. Plaintiffs Have Repeatedly Acted In Bad Faith, And Therefore, Their Motion Should Be Denied On That Basis As Well.

14 Plaintiffs have made multiple misrepresentations of what transpired in the State
15 Court Action.  Plaintiffs have been involved in multiple instances of bad faith conduct,
16 which support a denial of their Motion.

### a. Plaintiffs falsely denied receiving service.

18 In their Motion [ECF No. 12] and Opposition [ECF No. 11] to AcctCorp's Motion to
19 Dismiss, Plaintiffs' represent "that they received no notice of the 'Collection Lawsuit.'"[7]
20 Plaintiffs, however, acknowledge that an Affidavit of Service was filed in the State Court
21 Action demonstrating that the Summons and Complaint were personally served on "Dany
22 Geraldo."[8]  Indeed, applicable law absolutely discredits Plaintiffs' position.  *See* NEV. R.
23 CIV. P. 4(d)(6) (stating that service upon an individual may be made "[i]n all other cases to
24 the defendant personally, or by leaving copies thereof at the defendant's dwelling house or

---

[7] Pls.' Motion, ECF No. 12, at 1:27; Pls.' Opposition, ECF No. 11, at 3:6.

[8] *Id.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

usual place of abode with some person of suitable age and discretion then residing therein"); *see also* FED. R. CIV. P. 4(e)(2)(B) (same); *Conforte v. Hanna*, 76 Nev. 239, 242, 351 P.2d 612, 614 (1960) (recognizing a presumption of validity of the affidavit of service of summons).

### b. Plaintiffs falsely declare ignorance of the State Court Action.

In their Motion [ECF No. 12] and Proposed Amended Complaint [ECF No. 12-1], Plaintiffs also represent that they received no notice of the State Court Action.[9] Not only were Plaintiffs served, as explained above, ***they filed an Amended Schedule F, identifying creditors holding unsecured non-priority claims, which added AcctCorp as a creditor based upon the State Court Action at issue***.[10] One cannot genuinely dispute that Plaintiffs were aware of the State Court Action, but, rather than seek relief from the default or ultimate judgment, Plaintiffs opted to file for bankruptcy relief instead.

Based on Plaintiffs' multiple instances of bad faith conduct, the instant Motion could be denied on that basis alone.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[9] *See* Pls.' Motion, ECF No. 12, at 1:27; Ex. 1, ECF No. 12-1, at 3-4, ¶¶ 13-14.

[10] Am. Schedule F [ECF No. 7-6], at 2.

### III. CONCLUSION

Because of the futility of Plaintiffs' proposed amendment and also in light of Plaintiffs' repeated bad faith conduct, their Motion must be denied, and the Complaint [ECF No. 1] must be dismissed with prejudice in its entirety.

Dated this 27th day of February, 2017.

          MARQUIS AURBACH COFFING

By   */s/ Chad F. Clement*
    Terry A. Coffing, Esq.
    Nevada Bar No. 4949
    Chad F. Clement, Esq.
    Nevada Bar No. 12192
    Jared M. Moser, Esq.
    Nevada Bar No. 13003
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    *Attorneys for Richland Holdings, Inc.*
    *d/b/a AcctCorp of Southern Nevada and*
    *RC Willey Financial Services*

MAC:14665-005 3010200_1 2/27/2017 2:22 PM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S AND RC WILLEY A/K/A RC WILLEY FINANCIAL SERVICES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 27th day of February, 2017.

☒   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

> The Law Office of Vernon Nelson
> Vernon A. Nelson, Jr. Esq.
> 9480 S. Eastern Ave., Ste. 244
> Las Vegas, NV  89123
> Tel:  702-476-2500
> Fax:  702-476-2788
> vnelson@nelsonlawfirmlv.com
> *Attorneys for Plaintiffs*

/s/ Barb Frauenfeld
an employee of Marquis Aurbach Coffing

MAC:14665-005 3010200_1 2/27/2017 2:22 PM