UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANY GERALDO and WENDOLY GUZMAN,<br><br>  Plaintiff(s),<br><br>v.<br><br>RICHLAND HOLDINGS, INC., et al.,<br><br>  Defendant(s). | Case No. 2:17-CV-15 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Richland Holdings, Inc., doing business as ACCTCORP of Southern Nevada's ("ASN") motion to dismiss.  (ECF No. 7).  Defendant RC Willey Financial Services ("RC Willey") joined in the motion.  (ECF No. 9).  Plaintiffs Dany Geraldo and Wendoly Guzman ("plaintiffs") responded (ECF No. 11), to which ASN replied (ECF No. 13), and RC Willey joined in the reply (ECF No. 14).

Also before the court is plaintiffs' motion for leave to amend complaint.  (ECF No. 12). Defendants responded (ECF No. 15), and plaintiffs replied (ECF No. 16).

**I.   Introduction**

The present case arises out of defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  (ECF No. 1).  Plaintiffs filed their complaint on January 3, 2017.  (*Id.*).  Plaintiffs allege that they entered a contract with RC Willey and failed to make payments pursuant to that contract, at which time the debt was assigned to ASN.  (*Id.* at 2).  ASN filed a lawsuit against plaintiffs in state court on June 11, 2014, for the balance of the debt ($8,080.38) and a contractual collection fee ($4,040.19).  (*Id.* at 2–3); (ECF No. 7 at 4).

**James C. Mahan**
**U.S. District Judge**

Default judgment was entered against plaintiffs in the state court case in October 2014. (ECF Nos. 1 at 2–3, 7 at 4).

Plaintiffs allege that the collection fee could not be greater than 40% of the principal balance per Utah law, which governed the contract. (*Id.*) However, the collection fee is allegedly 50% of the principal balance. (*Id.*). Plaintiffs further allege that defendants violated the FDCPA by using unfair means to collect the debt and by failing to notify them that the debt included the collection fee. (*Id.* at 3–4). Finally, plaintiffs allege that defendants unlawfully charged them 24% interest on the total amount, including the collection fee. (*Id.* at 3).

In the present case, plaintiffs bring four causes of action: (1) violations of the FDCPA; (2) abuse of process; (3) deceptive trade practices; and (4) civil conspiracy. (ECF No. 1). Defendants move to dismiss, arguing (1) plaintiffs' claims are time-barred; (2) this court does not have subject matter jurisdiction over plaintiffs' claims; (3) plaintiffs are judicially estopped from asserting their claims; (4) plaintiffs' claims are barred by claim preclusion; and (5) plaintiffs' claims are barred by issue preclusion. (ECF No. 7). Alternatively, defendants move for a more definite statement. (*Id.*). The court will address each argument as it sees fit.

## II.   Legal Standards

### A.  Leave to amend

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In order to decide whether to give leave to amend, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citation omitted). Indeed, "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend.]" *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

**James C. Mahan**
**U.S. District Judge**

- 2 -

### B. Motion to dismiss

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

**James C. Mahan**
**U.S. District Judge**

- 3 -

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

"As [the Ninth C]ircuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and quotation marks omitted). In the present motion, defendants allege futility—based on subject matter jurisdiction, *res judicata*, judicial estoppel, and the statute of limitations—and bad faith. (ECF Nos. 7, 15). Absent an allegation or showing of prejudice to the defendants, the court must determine whether the amended complaint would be frivolous or "a dilatory maneuver in bad faith." *Howey*, 481 F.2d at 1190–91 (9th Cir. 1973). The court, drawing all inferences to support the motion to amend, does not find bad faith on the part of plaintiffs. *Griggs*, 170 F.3d at 880. On the other hand, defendants argue that the amended complaint would be futile. (ECF No. 12). Futility would render the amended complaint frivolous such that the plaintiffs ought not be allowed to amend and the complaint should be dismissed. *Howey*, 481 F.2d at 1190–91.

#### A. Subject matter jurisdiction

Plaintiffs allege that defendants commit three distinct "violations": (1) the "collection fee violation"; (2) the "§ 1692(g) violation"; and (3) the "interest fees violation." (ECF Nos. 1 at 3, 12 at 4). The defendants rely on the *Rooker-Feldman* doctrine to assert that this court does not have subject matter jurisdiction. (ECF No. 7 at 6, 10–11). Defendants argue that plaintiffs' complaint constitutes a *de facto* appeal of the judgment entered against them in state court. (*Id.*). Plaintiffs contend their complaint does not seek "to set aside the judgment or to direct any order to the state court." (ECF Nos. 11 at 3, 12 at 2).

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Moreover, the *Exxon Mobil Corp.* court held "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is

not triggered simply by the entry of judgment in state court." 544 U.S. at 292.  Instead, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293.

While the instant case deals with the same loan as the state court action, the substance of the complaint is not contingent on plaintiffs' failure to pay their loan. (ECF No. 1). Instead, the court has jurisdiction over the FDCPA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims, which embrace the legality of additional charges that defendants assessed to the plaintiffs. (ECF No. 1). Accordingly, subject matter jurisdiction is not grounds to declare amendment to the complaint futile.

### B.  Claim preclusion

Defendants argue that the complaint is barred by claim preclusion, having purportedly been litigated in state court. (ECF No. 7 at 11–13). Specifically, defendants contend that claim preclusion applies insofar as plaintiffs' current claims should have been brought as compulsory counterclaims in the underlying state court action. (*Id.* at 12).

As discussed above, now that the state court adjudication is complete, disposition of this action is "governed by preclusion law." *Exxon Mobil Corp.*, 544 U.S. at 293. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citations omitted).

The underlying action was brought in Nevada state court. *See* (ECF No. 7-2). The Nevada Supreme Court has adopted "'the modern view [which] is that claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than issue preclusion.'" *Executive Mgmt. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)). As a result, plaintiffs' claims are precluded in the present action if they were compulsory counterclaims in the underlying state court action.

The Ninth Circuit applies a "logical relationship" test to determine whether a counterclaim is compulsory or permissive:

**James C. Mahan**
**U.S. District Judge**

- 5 -

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992).

Here, a logical relationship exists between the claims plaintiffs now raise and the transaction in the underlying state court case. The deceptive trade practices and civil conspiracy alleged in plaintiffs' complaint arises directly from "the same aggregate set of operative facts as the initial [underlying] claim." *Id.* The alleged "collection fee violation," the "§ 1692(g) violation," and the "interest fees violation" form the basis of both the deceptive trade practices and civil conspiracy claims. (ECF No. 1 at 6). These violations all come directly from the calculation of plaintiff's debt, litigation to collect that debt, and collection of the debt in the underlying breach of contract action. (*Id.* at 3); *see also* (ECF Nos. 11-1, 11-4, 11-5, 11-6). Plaintiffs had an opportunity to appear in the underlying state court action, to dispute the amount due as a result of the breach of contract claim, to raise affirmative defenses, and to assert counterclaims. (ECF No. 13 at 3) ("Plaintiffs were aware of the [s]tate [c]ourt [a]ction and of the facts that would allegedly give them a basis for their instant claims."). Instead, plaintiffs elected not to appear in the action after having been served the summons and complaint. (*Id.*); *see also* (ECF No. 13-1).

Similarly, plaintiffs explicitly admit in their abuse of process claim that "[d]efendants commenced and/or prosecuted legal proceedings" in connection with the debt. (ECF No. 1 at 5). The alleged abuse of process—filing the underlying court case—stems from defendants' attempt to collect on the breach of contract that forms the basis of both the underlying and present actions. (*Id.*). Consequently, the abuse of process claim should have been raised as a compulsory counterclaim in the underlying state court action. *See Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1252 (9th Cir. 1987) ("Because we believe that the liberal reading of the 'transaction or occurrence' standard is more in keeping with the pronouncements of the Supreme Court, we now reject the line of cases that has refused to find an abuse of process claim a compulsory counterclaim."). Instead, plaintiffs did not appear in the underlying action to dispute the "unlawful rates of interest and unlawful fees in violation of the FDCPA." (ECF No. 1 at 5).

James C. Mahan
U.S. District Judge

- 6 -

Finally, the FDCPA claim is a compulsory counterclaim for the same reasons as the state court claims.  FDCPA claims are, by statute, subject to state and federal courts' concurrent jurisdiction.  *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction . . . .").  As such, the FDCPA violations could have been litigated in the underlying action but for plaintiffs' failure to appear.

Accordingly, plaintiffs' claims should have been brought as compulsory counterclaims and are now barred by claim preclusion.  Therefore, leave to amend is futile, and the motion to dismiss will be granted.

### IV.  Conclusion

Leave to amend is futile because plaintiffs' claims are precluded.  Plaintiffs failed to bring their current claims as compulsory counterclaims in the underlying state court case.  As a result, their claims are now precluded here.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for leave to amend the complaint (ECF No. 12) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITH PREJUDICE.

The clerk is instructed to enter judgment accordingly and to close the case.

DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -