**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jmoser@maclaw.com
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada and*
*RC Willey aka RC Willey Financial Services*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANY GERALDO and WENDOLY GUZMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; RC WILLEY aka RC WILLEY FINANCIAL SERVICES and ATTORNEY JEROME R. BOWEN, Esq.,<br><br>Defendants. | Case No.: 2:17-cv-00015-JCM-PAL<br><br>**DEFENDANTS RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S AND RC WILLEY AKA RC WILLEY FINANCIAL SERVICE'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

Defendants Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp") and RC Willey aka RC Willey Financial Services ("RC Willey"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, and pursuant to 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), Nev. Rev. Stat. § 18.010, and this Court's inherent power, hereby file their Reply in Support of Motion for Attorney Fees ("Reply"). This Reply is based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument entertained by this Court.

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs seem to be litigating in a different world or, at least, a different case. Plaintiffs' Opposition to Defendants' Motion for Attorney Fees[1] [ECF 35] ("Opposition") seems to continue in the same course of questionable conduct – (1) misrepresenting the basis of the Court's dismissal Order [ECF No. 23]; (2) misstating the holdings in the authority cited to support their arguments; (3) ignoring the dishonest remarks made by Plaintiffs' counsel to Magistrate Judge Leen; and (4) asking this Court to disregard their discovery abuses, the time to challenge which Plaintiffs concede had not elapsed before their frivolous case was dismissed. Most importantly, though, the Court must recognize that *the salient factual points supporting Defendants' Motion [ECF No. 28] remain uncontested*.

Plaintiffs' and their counsel's conduct must not be condoned by this Court. Therefore, Defendants implore this Court to award all attorney fees incurred in successfully defending this frivolous action, fraught with misconduct by Plaintiffs and their counsel.

### II. LEGAL ARGUMENT

#### A. THE FACTS SHOWING THIS CASE WAS BROUGHT IN BAD FAITH REMAIN UNDISPUTED AND ARE NOW SUPPORTED BY PLAINTIFFS' COUNSEL'S DECLARATION AND ITS EXHIBITS.

As Defendants have argued, this case was never about righting a wrong. Rather, this case is, and always has been, about a competitor harassing and dragging down a "mom and pop" business until so overwhelmed that it closed its doors. Notwithstanding their vague references to "speculative construction of an alleged conspiracy," or statements that "Defendants even speculate … that Plaintiffs are part of some criminal conspiracy … ," or that Defendants' "musings about 'nefarious' conduct are not grounded in fact," Plaintiffs

---

[1] Although AcctCorp filed the underlying Motion [ECF No. 7] and RC Willey filed a Joinder thereto [ECF No. 9], and although Defendant Attorney Jerome R. Bowen, Esq. was never and never appeared in this action, for simplicity and consistency with Plaintiffs' briefing, this Reply will refer to "Defendants" in collective reference to AcctCorp and RC Willey and to "Defendants' Motion" in collective reference to AcctCorp's Motion and RC Willey's Joinder.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

never offer any explanation to rebut the facts and evidence presented by Defendants.

In actuality, Defendants' Motion includes, as exhibits, a great deal of evidence to show that the underlying scheme is far from speculative. First, Defendants provided public records connecting the dots to show that Michael Feeney is the common denominator, as the principal for each of AcctCorp's three (3) biggest competitors. Second, Defendants provided sworn testimony directly from Feeney himself, acknowledging his role as principal not only for AcctCorp's competitors but also for obstructionist third-party Safeguard Credit LLC, dba Credit Restoration of Nevada ("CRN").

Third, as Defendants' and Plaintiffs' respective exhibits all demonstrate, CRN with its CEO, Harry Jacobs, just so happens to be the entity that solicited the Geraldos and other similar plaintiffs, and which engages Plaintiffs' counsel to litigate claims largely without the plaintiffs' involvement.[2] In addition, the sworn deposition testimony from Plaintiffs further outlines the players and scheme involved in bringing this baseless, harassing lawsuit. Now, even Plaintiffs' counsel's own declaration [ECF No. 33] and the exhibits thereto confirm the connection between CRN, Harry Jacobs, and Plaintiffs' counsel.

When this Court considers this corroboration, in conjunction with the content of the declaration of Michael Feeney [ECF No. 28-11], the principal of several companies competing with AcctCorp as well as an admitted "principal/member" of CRN, the so-called "speculative conspiracy" becomes an indisputable reality.

B.   **SEVERAL MISREPRESENTATIONS IN PLAINTIFFS' OPPOSITION WARRANT IMMEDIATE CONSIDERATION.**

   1.   <u>**Plaintiffs Misrepresent the Basis for Dismissal of Their Claims.**</u>

Plaintiffs make their first gross misrepresentation before their Introduction even

---

[2] *See* ECF No. 33-1 (providing an attorney-client privileged communication dated May 14, 2017, suggesting that Plaintiffs' counsel needed Plaintiffs' contact information nearly five months after the Complaint [ECF No. 1] was filed on January 3, 2017); *see also* ECF No. 33-2 (containing an email from Harry Jacobs of CRN, with a courtesy copy to Plaintiffs' counsel, conducting the unauthorized practice of law by advising Plaintiffs on their legal rights and remedies as to the FDCPA); NEV. SCR 51.5 (defining "practice of law," in part, as "interpreting and giving advice regarding the law").

concludes, stating that "Defendants' motion to dismiss was granted on subject matter jurisdictional grounds, meaning that Defendants are not 'prevailing parties' under FRCP 54(d)."[3]  Plaintiffs later misrepresent that "[t]he Court ruled that it was unable to take concurrent or supplemental subject matter jurisdiction … "[4]  Indeed, a cursory review of Judge Mahan's Order [ECF No. 23] will prove these statements to be blatantly false.

Judge Mahan did *consider* jurisdiction and explicitly concluded that this Court *had* jurisdiction.[5]  Citing the Supreme Court decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), Judge Mahan distinguished subject-matter jurisdiction from his true basis for dismissal – "preclusion law."[6]  Thus, the Court could not have been clearer when it concluded that "***the court has jurisdiction over the FDCPA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims*** … "[7]

Plaintiffs' arguments rely on jurisdictional dismissal as the cornerstone of their argument against an award of fees, citing 28 U.S.C. § 1919 and Rule 54(d) to support their argument that fees are inappropriate.  Certainly, neither the Court nor Defendants has ever made reference to § 1919 or to Federal Rule of Civil Procedure ("FRCP") 54(d) as a basis for the appropriate attorney fee award.  Therefore, Plaintiffs' arguments should be ignored.

### 2. Plaintiffs Unashamedly Misstate the Holding in, and Application of, *Lou v. Ma Laboratories, Inc.*

Plaintiffs offer a revisionist reading of the unpublished *Lou* decision on which they rely, averring that the court in that case "explained that compulsory counterclaims are creatures of subject-matter jurisdiction whose dismissal needs to be considered under FRCP

---

[3] Pls.' Opp. [ECF No. 35], at 2:9-11.

[4] *Id.*, at 3:7.

[5] Order [ECF No. 23], at 4:19-20 ("The defendants rely on the *Rooker-Feldman* doctrine to assert that this court does not have subject matter jurisdiction.").

[6] *Id.*, at 4:27-5:3 ("[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law") (citing *Exxon*, 544 U.S. at 293).

[7] *Id.*, at 5:5-8 (emphasis added).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

12(b)(1) … "[8] Plaintiffs go on: "The dismissal of a federal case on the basis of state-court compulsory counterclaims is a dismissal for subject-matter jurisdiction."[9] **Lou did not make these conclusions and, actually, made contrary determinations to those represented by Plaintiffs**.

*Lou* involved a proposed collective and class action for violations of the Fair Labor Standards Act ("FLSA"). *See* 2013 WL 3989425, at *1. The defendant employer filed counterclaims for breach of contract and conversion, which did not arise from the same nucleus of operative facts but were, in fact, "too tenuous" to be classified as compulsory counterclaims. *Id.*, at *2. Judge Alsup ultimately concluded "that subject-matter jurisdiction over defendants' counterclaims is lacking," so he actually did dismiss on jurisdictional grounds under FRCP 12(b)(1), unlike Judge Mahan's ruling in this case. *Compare id*, at 2 (dismissing on jurisdictional grounds), *with* Order [ECF No. 23], at 5:5-8 (dismissing on claim preclusion grounds). The fundamental basis for the *Lou* court's determination that it lacked jurisdiction was that, applying the "logical relationship test," the court determined that the counterclaims in the *Lou* case were permissive, rather than compulsory, so the Court could not exercise supplemental jurisdiction. 2013 WL 3989425, at *2; *accord Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1306 (D. Nev. 2003) ("federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis") (citation omitted). The exact opposite determination was made in this case.

Judge Mahan similarly applied the "logical relationship" test to determine whether Plaintiffs' claims were permissive or compulsory.[10] In his assessment, Judge Mahan concluded that "plaintiffs' claims should have been brought as compulsory counterclaims

---

[8] Pls.' Opp. [ECF No. 35], at 6:3-4 (citing *Lou v. Ma Labs.*, No. C 12–05409 WHA, 2013 WL 3989425 (N.D. Cal. Aug. 2, 2013)).

[9] *Id.*, at 6:11-13.

[10] Order [ECF No. 23], at 5:25-6:3 (citing *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992)).

and are now barred by claim preclusion."[11]  Thus, not only is Plaintiffs' synopsis of *Lou* inaccurate, that case is largely inapposite anyway, as it dealt with dismissal of permissive counterclaims for lack of subject-matter jurisdiction, exactly the converse of the scenario presented in this case.

### C. ACCTCORP AND RC WILLEY ARE ENTITLED TO ATTORNEY FEES UNDER EACH AND EVERY ONE OF THE AUTHORITIES CITED IN THEIR MOTION [ECF NO. 28].

Plaintiffs manifestly misstate the law on Defendants' entitlement to attorney fees. Defendants are, without question, prevailing parties, regardless of whether state or federal law is applied.  Although Plaintiffs attempt to convince this Court to ignore their numerous discovery abuses, arguing that a motion to compel was a prerequisite to addressing such issues, those arguments fail for at least two reasons: (1) Plaintiffs cite no legal authority to support their position; and (2) even accepting their argument, Plaintiffs concede that the deadline *they* say stood to bar Defendants' arguments as to Plaintiffs' discovery abuses had not yet expired before Plaintiffs' frivolous case was dismissed for good.

#### 1. **Plaintiffs' Representation That Nevada Law Does Not Apply to Any Attorney Fee Award is Absolutely Wrong.**

Plaintiffs cite to *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003), for the position that Nevada law as to an attorney fee award "does not apply in federal district court."[12]  The very case cited by Plaintiffs completely belies their argument.

In *Champion*, the Ninth Circuit plainly stated that "[a]n award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." 342 F.3d at 1024 (citation omitted) (reviewing Idaho law to determine whether a party was the "prevailing party" for purposes of an attorney fee award determination).  Indisputably,

---

[11] *Id.*, at 7:7-9.

[12] Pls.' Opp. [ECF No. 35], at 8:25-9:2.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-005 3178054_1 8/30/2017 11:24 AM

Plaintiffs had claims based on Nevada substantive law.[13] Thus, Nevada law should govern this Court's award of attorney fees to Defendants, at least in part, and as relates to the majority of Plaintiffs' claims, which were based on Nevada state substantive law.

## 2. Defendants Are Prevailing Parties.

Plaintiffs' argument that Defendants are not prevailing parties is without basis in fact or law. First, Plaintiffs inexplicably cite to the appellate standard of review for the determination of whether a party is a "prevailing party," rather than the standard guiding this Court.[14] Next, Plaintiffs cite an unpublished decision for the proposition that "Defendants are not 'prevailing parties' for purposes of this rule because they did not obtain money damages in this matter."[15] The unpublished *Nationwide* case cited by Plaintiffs, however, can be ignored by this Court for the same reasons the Court may disregard Plaintiffs' other jurisdictional dismissal arguments – ***this case was not dismissed on jurisdictional grounds***. *See Nationwide*, 2015 WL 5315830, at *3 ("Costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d).").

This Court needs to look no further than governing Nevada law, which unquestionably holds that Defendants are prevailing parties. *See Champion*, 342 F.3d at 1024-25 (holding that state law governing determinations of the "prevailing party" applies to cases based on state substantive law claims). Nevada law clearly holds that dismissal suffices to make Defendants prevailing parties in this case. *See MB Am., Inc. v. Alaska Pac. Leasing*, 132 Nev. Adv. Op. 367 P.3d 1286, 1292 (2016) ("To be a prevailing party, a party need not succeed on every issue, but the action must proceed to judgment … ***An order***

---

[13] *See id.*, at 2:18-20 (conceding that Plaintiffs had "Nevada state law claims of abuse of process, violation of NRS Chapter 598 Deceptive Trade Practices, and Civil Conspiracy").

[14] *Id.*, at 4:17-18.

[15] *Id.*, at 8:21-22 (citing *Nationwide Ins. Co. of Am. v. Walter*, No. 2:14–cv–00743–JAD–NJK, 2015 WL 5315830 (D. Nev. Sept. 10, 2015)).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  *dismissing a complaint is sufficient to find a prevailing party*.") (emphasis added); *see also*
2  *Copper Sands Homeowners v. Flamingo 94 Ltd.*, 130 Nev. Adv. Op. 81, 335 P.3d 203, 207
3  (2014) (concluding that a party was absolved of liability by dismissal and, therefore,
4  prevailed against the claimant).

5  Binding federal authority leads to the same result – *i.e.,* that a dismissed defendant is
6  a "prevailing party." *See Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997),
7  *abrogated on other grounds by Ass'n of Mexican-American Educators v. State of Cal.*, 231
8  F.3d 572 (9th Cir. 2000). The *Zenith* court concluded as follows: "We agree with the Fifth
9  Circuit that *because a dismissal with prejudice is tantamount to a judgment on the merits,*
10 *the defendant in this case is clearly the prevailing party on the dismissed claims*." *Id.*
11 (citations, alterations, and internal quotation marks omitted) (emphasis added).

### 3.  Defendants Are Entitled to Recover All Attorney Fees Under Any or All of the Authority Cited in Their Motion.

14 Plaintiffs' position that Defendants were required to move to compel Plaintiffs' good
15 faith participation in discovery before seeking post-judgment attorney fees under the
16 authority cited by Defendants is without merit. Not only did the chronology of events make
17 such an exercise impracticable, but Defendants are aware of no authority, and Plaintiffs cite
18 none, mandating a motion to compel before the Court considers Plaintiffs' unacceptable
19 conduct in context as it considers Defendants' request for attorney fees. In fact, Defendants
20 have cited several bases on which this Court can and should award their attorney fees
21 incurred in defending against Plaintiffs' frivolous and harassing lawsuit.

#### a.  Plaintiffs' argument that a motion to compel had to be brought prior to Defendants' recovery of attorney fees is without support.

24 Plaintiffs concede that "the close of discovery is considered the deadline for motions
25 to compel where no deadline has been expressly set," and the close of discovery in this case
26 had not yet passed when Plaintiffs' harassing lawsuit was dismissed.[16] Plaintiffs further

---
[16] *Id.*, at 7:9-10; *see also* ECF No. 18.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

argue that Defendants must be forbidden from bringing discovery sanctions under FRCP 37.[17] This argument is peculiar, and can be disregarded outright, because at no point in the underlying Motion [ECF No. 28] do Defendants ever argue for attorney fees as a discovery sanction under FRCP 37. Plaintiffs never even contest, let alone provide evidence or information to rebut, the allegations of misconduct throughout discovery; rather, their argument is simply "ignore our discovery abuses."

Indeed, undermining Plaintiffs' position that their wrong-doing should have been raised earlier is the fact that one of the more egregious instances of discovery misconduct occurred on the day Plaintiffs' case was dismissed. To that point, Plaintiffs attempt to persuade this Court to believe that all issues created by Plaintiffs and their counsel "during the deposition of Mr. [sic][18] Geraldo" were resolved after bringing the issues before Magistrate Judge Leen.[19] Surprisingly, neither Plaintiffs nor their counsel in his Declaration [ECF No. 33], attempt to explain, much less address, counsel's egregious misrepresentations to the Court during Ms. Geraldo's deposition. As cited in Defendants' Motion, Plaintiffs' counsel sought to obstruct or interrupt the deposition, at which point Defendants' counsel sought to "get the judge on the phone."[20] When Magistrate Judge Leen addressed the parties, Plaintiffs' counsel proceeded to tell Her Honor that Defendants' counsel was engaging in a line of questioning that had, in fact, never been raised and to which the line of questioning had never even alluded.[21]

---

[17] *Id.*, at 7:17-8:4.

[18] Notably, the deposition in which Plaintiffs' counsel was particularly obstructionist such that the Magistrate Judge had to be contacted was that of Wendoly Geraldo, formerly known as Wendoly Guzman ("Ms. Geraldo"). *See generally* ECF No. 28-1, at 90:16-100:7 (including discourse and deposition questioning followed by involvement of Magistrate Judge Leen). The Court's intervention was never sought during the deposition of Mr. Geraldo.

[19] Pls.' Opp. [ECF No. 35], at 8:5-6.

[20] ECF No. 28-1, at 93:14-15.

[21] *See generally id.*, at 90:16-100:7.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Defendants have cited multiple bases for this Court's award of attorney fees – 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), NRS 18.010, and/or the Court's inherent power. None of these requires discovery motions as a prerequisite to this Court's award of fees.

> **b.     All of the legal authority, and each of them, cited in Defendants' Motion provides an independent basis for an attorney fee award in favor of Defendants.**

Each and every one of the statutes and case law cited in Defendants' Motion could serve as an independent basis for an attorney fee award in favor of Defendants. This Court may grant the Motion on any or all of those bases.

The Court may award fees against Plaintiffs, but not their counsel, under 15 U.S.C. § 1692k(a)(3). *See Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1139 (9th Cir. 2009) (accepting an attorney fee award against the party only where the plaintiff had no credible evidence to support the claim and the case was brought "for the purpose of harassment"). As *Hyde* and other cases demonstrate, no prerequisite discovery motion is needed to reach the determination of an entitlement to attorney fees under this, the FDCPA's fee provision.

This Court may also award fees against Plaintiffs' counsel, but not Plaintiffs, under 28 U.S.C. § 1927. The Ninth Circuit has approved an award of attorney fees against counsel for subjective bad faith or multiplication of proceedings. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); *see also Gadda v. Ashcroft*, 377 F.3d 934, 943 n.4 (9th Cir. 2004) (noting that 28 U.S.C. § 1927 is intended "to hold attorneys personally liable"). Again, nothing in 28 U.S.C. § 1927, or in the cases interpreting or applying it, requires a discovery motion prior to an award of attorney fees under that law.

With respect to Plaintiffs' claims brought under state substantive law, the Court may also award attorney fees under NRS 18.010(2). Under Nevada statutory law, the Court may award fees to Defendants because the claims in this case were "brought or maintained without reasonable ground or to harass" Defendants. NRS 18.010(2)(b). Nevada law encourages attorney fee awards in cases like this:

/ / /

MAC:14665-005 3178054_1 8/30/2017 11:24 AM

> It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph … in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

NRS 18.010(2)(b).  Again, Plaintiffs cite no authority, because none exists, that suggests that some prerequisite to Defendants' recovery was unsatisfied.  No such prerequisite exists.

Finally, Defendants cited one example, among many available, of binding authority that allows this Court to award attorney fees to Defendants based on the Court's inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) (citation omitted); *see also Callow v. Amerace Corp.*, 681 F.2d 1242, 1242 (9th Cir. 1982) ("An attorney's fee award was appropriate under the facts and the 'inherent powers' of the court."); *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) ("The imposition of sanctions under the inherent power of the court is proper where counsel has willfully abused judicial process or otherwise conducted litigation in bad faith.") (citations and alterations omitted).

Going a step further in undermining Plaintiffs' position that some other action was required of Defendants before seeking recovery of their attorney fees, the *Itel* case recognized that "[s]anctions may also be awarded *sua sponte* under the court's inherent power." 791 F.2d at 675 (citation omitted).  Therefore, Defendants need not have even filed the Motion to recover attorney fees, but they did, with a library of authority supporting the request.  Considering the factual and procedural background of this case, and the binding authority that guides this Court to an award of fees, Defendants respectfully request that the Court award all fees sought.

When this Court steps back to look at the totality of this case, there should be no question that Defendants are entitled to all of their attorney fees.  Plaintiffs were directly solicited by CRN and Harry Jacobs, on behalf of Michael Feeney – principal for CRN and

for AcctCorp's three (3) primary competitors – to file this lawsuit. Jacobs and CRN engaged Plaintiffs' counsel, who had never met Plaintiffs in person until the day of their depositions, and whose own exhibits demonstrate that he did not have Plaintiffs contact information as late as five (5) months into the litigation.

Then, despite being barred by the statute of limitations, judicial estoppel, and claim preclusion, Jacobs and Plaintiffs' counsel proceeded to commence litigation without the Plaintiffs' involvement, continually trying to bleed Defendants' coffers dry. Following months of obstructionist discovery abuses, and a blatant lie by Plaintiffs' counsel to Magistrate Judge Leen on the date the case was dismissed, Judge Mahan put an end to the harassment and dismissed Plaintiffs' case entirely.

Certainly, no stronger case could exist for recovery of reasonable attorney fees – less than $35,000 total for litigation on behalf of two (2) defendants over seven (7) months.

### III.  CONCLUSION.

For the foregoing reasons, AcctCorp and RC Willey respectfully request that this Court enter an Order, pursuant to 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), NRS 18.010, and/or the Court's inherent power, awarding them with the attorney fees incurred in defending this frivolous and harassing lawsuit – in the total amount of $34,853.50 ($21,114.50 for AcctCorp and $13,739.00 for RC Willey).

Dated this  30th  day of August, 2017.

        MARQUIS AURBACH COFFING

        By   */s/*   Jared M. Moser
           Terry A. Coffing, Esq.
           Nevada Bar No. 4949
           Chad F. Clement, Esq.
           Nevada Bar No. 12192
           Jared M. Moser, Esq.
           Nevada Bar No. 13003
           10001 Park Run Drive
           Las Vegas, Nevada  89145
           *Attorneys for Richland Holdings, Inc.*
           *d/b/a AcctCorp of Southern Nevada and*
           *RC Willey Financial Services*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-005 3178054_1 8/30/2017 11:24 AM

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA'S AND RC WILLEY AKA RC WILLEY FINANCIAL SERVICE'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 30th day of August, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

The Law Office of Vernon Nelson
Vernon A. Nelson, Jr. Esq.
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel:  702-476-2500
Fax:  702-476-2788
vnelson@nelsonlawfirmlv.com
*Attorneys for Plaintiffs*

/s/ Barb Frauenfeld
An employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816