UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANY GERALDO and WENDOLY GUZMAN,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHLAND HOLDINGS, INC., et al.,<br><br>Defendant(s). | Case No. 2:17-CV-15 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp") and RC Willey aka RC Willey Financial Services ("RC Willey", collectively "defendants") motion for attorney's fees. (ECF No. 28). Plaintiffs Dany Geraldo and Wendoly Guzman filed a response (ECF No. 35), to which defendants replied (ECF No. 38).

**I.      Facts**

This motion arises out of the court's grant of dismissal of plaintiff's claims based on a finding of claim preclusion.

Around January 19, 2001, plaintiffs entered into a valid and binding contract for the procurement of retail merchandise with RC Willey and began incurring charges related to the contract. (ECF Nos. 1 & 28). Plaintiffs became delinquent by failing to make regular payments as owed under the terms of their contract. *Id*. In August 2010, pursuant to the RC Willey revolving charge security agreement, plaintiffs agreed that "the laws of the state in which I reside will govern the interpretation or enforcement of this Agreement."[1]  (ECF No. 28).

---

[1] Here, plaintiffs resided in Nevada, and defendants allege that the applicable law "does not provide a cap on interest rates or collection fees."

**James C. Mahan**
**U.S. District Judge**

RC Willey served plaintiffs in the underlying state court action to collect the unpaid balance on plaintiffs' RC Willey account. *Id*. Plaintiffs did not participate in that action, resulting in a default judgment in favor of RC Willey. *Id*.

Plaintiffs allege that defendants, in favor of their application for default judgment, filed a "Confidential Legal Authorization" assigning plaintiffs' debt of $8,080.38 from RC Willey to AcctCorp. (ECF No. 1). Plaintiffs also allege that, included with document filings, defendants filed an affidavit/declaration of custodian records that includes a contractual fee of $4,040.19, which equals fifty percent of the entire principal balance assigned to AcctCorp. *Id*. Plaintiffs also claim that defendants unlawfully charged plaintiffs twenty-four percent interest on the total amount due, including the contractual collection fee. *Id*.

On or about November 19, 2014, plaintiffs filed a voluntary petition for Chapter 13 bankruptcy. (ECF No. 28). Defendants allege that during the bankruptcy proceedings, plaintiffs made no attempt to include the causes of action they raise in the instant litigation. *Id*. On November 17, 2015, plaintiffs' debt was discharged. *Id*.

On January 3, 2017, plaintiffs filed their complaint, alleging that defendants committed several violations of the Fair Debt Collection Practices Act (FDCPA). (ECF No. 1). Additionally, plaintiffs alleged that defendants' violations caused plaintiffs to suffer substantial damages, including economic damages, emotional damages, damages to their credit history and reputation, as well as substantial attorney's fees. *Id*.

On January 30, 2017, defendants filed a motion to dismiss plaintiffs' complaint. (ECF No. 7). On July 26, 2017, the court granted defendants' motion to dismiss. (ECF No. 23). The court held that plaintiffs' claims are precluded because plaintiffs failed to bring their current claims as compulsory counterclaims in the underlying state court case. *Id*.

**II.    Legal Standard**

   *a.  15 U.S.C. § 1692k(a)(3)*

Under the FDCPA, if the court finds that a plaintiff brought an action in bad faith and for the purpose of harassment, a prevailing defendant is entitled to "attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Such an award is mandatory

under the FDCPA. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *see also De Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990).

In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citation omitted). In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). The lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider and upward or downward adjustment.

  *b. 28 U.S.C. § 1927*

Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

"Section 1927 authorizes federal courts to punish barratry by requiring offending lawyers personally to satisfy their opponents' litigation debts. It applies in any proceeding in federal court, operates solely upon attorneys, rather than their clients, and applies with equal force against winners and losers." *Schutts v. Bently Nev. Corp.*, 966 F. Supp. 1549, 1558 (D. Nev. 1997).

The Ninth Circuit has looked favorably upon Section 1927 penalties:

> Imposing a monetary penalty on counsel is an appropriate sanction considerably less severe than holding counsel in contempt, referring the incident to the client or bar association, or dismissing the case . . . . It is appropriate that sanctions such as these are directed at the lawyers responsible, rather than the litigants.

*Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 520-21 (9th Cir. 1983) (internal citations omitted).

**James C. Mahan**
**U.S. District Judge**

Section 1927 sanctions are available "only to unnecessary filings and tactics once a lawsuit has begun," and do not apply to an initial pleading. *Keegan*, 78 F.3d at 435. Moreover, district courts are entitled to "substantial leeway" when deciding whether sanctions are warranted pursuant to § 1927. *Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012); *see also Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995).

Further, § 1927 does not provide sanctions for initial filings made in bad faith. 28 U.S.C. § 1927; *see also Winkler*, 792 F.2d at 860. However, § 1927 does provide for actions taken subsequent to filing that multiplied the proceedings "unreasonably and vexatiously." *Id*.

### c. NRS § 18.010

Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991, 879 P.2d 69 (1994). The decision to award attorneys' fees is left to the sound discretion of the district court. *Id*.

In Nevada, a court may grant a motion for attorney's fees:

> [W]hen the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

NRS § 18.010(2)(b). "A district court has discretion to award attorney's fees, but any award must be based on evidence supporting 'a finding that the claim or defense was unreasonable or brought to harass.'" *Austin v. Life Partners, Inc.*, No. 2:11-CV-01767-PMP-GWF, 2014 U.S. Dist. LEXIS 23125, at *8-9 (D. Nev. Feb. 24, 2014) (quoting *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 215 P.3d 709, 726 (Nev. 2009)).

To support a discretionary award of attorneys' fees, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1095 (Nev. 1995) (quoting *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 486 (Nev. 1993)). "To the extent that a claim is

fraudulent, it must also be groundless." *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 996, 860 P.2d 720, 725 (1993).

### III. Discussion

  *a. Prevailing party standard*

Plaintiffs assert that defendants are not a prevailing party because the claims were dismissed on the basis of subject matter jurisdiction, rather than on the merits. (ECF No. 25). Defendants argue that their claims were dismissed on the basis of preclusion, which qualifies them as a prevailing party for the purposes of attorney's fees. (ECF No. 28).

In *Zenith Ins. Co. v. Breslaw*, the Ninth Circuit held that "because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case is clearly the prevailing party on the dismissed claims." 108 F.3d 205, 207 (9th Cir. 1997). Accordingly, defendants in this case qualify as the prevailing party. *See id.*

  *b. 15 U.S.C. 1692k(a)(3)*

15 U.S.C. § 1692k(a)(3) states that:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of-- . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k.

Defendants allege that the suit was brought against them in bad faith and for the purpose of harassment. (ECF No. 28). Defendants make assertions that nonparty Credit Restoration of Nevada ("CRN") and plaintiffs' counsel brought this suit to attack AcctCorp and put it out of business. *Id*. Defendants contend that the plaintiffs were solicited to bring the suit. *Id*. Defendants also allege that the plaintiffs failed to participate in good faith during the discovery process. *Id*.

Defendants assert that plaintiffs' counsel and nonparty CRN had a plan to attack AcctCorp through bringing the suit. (ECF No. 28). Defendants also assert that plaintiffs' claims were baseless. *Id*. Defendants argue that the FDCPA claims against RC Willey were frivolous and

baseless because "[b]y plaintiffs' own admission" the "claim did not and could not apply to RC Willey because RC Willey is a creditor, not a debt collector." *Id*. Defendants also assert that plaintiffs alleged a baseless abuse of process claim based on the allegation that "[d]efendants commenced and/or prosecuted legal proceedings against Plaintiffs …" *Id*. Defendants claim that plaintiffs had no factual support for this abuse of process claim. *Id*.

Defendants further assert that plaintiffs acted in bad faith by asserting claims of violations of the Deceptive Trade Practices Act ("DTPA"). (ECF No. 28). Defendants assert that "plaintiffs' DTPA claim was insufficiently pleaded by general reference to ten subsections of a statute, containing nearly one hundred (100) possible categories of conduct." *Id*.

Defendants allege that plaintiffs acted in bad faith because plaintiffs brought the claims asserted in this case knowing that those claims were procedurally barred by the statute of limitations, judicial estoppel, and preclusion. *Id*.

Defendants contend that plaintiffs' counsel admitted to the one-year statute of limitations on the FDCPA claims, but asserted that it had not yet lapsed because plaintiffs had no way of knowing of the violations until December of 2016.[2] *Id*. Plaintiffs do not address the other alleged procedural deficiencies highlighted by defendant.

Multiple other courts in this district have dismissed claims brought by the same attorney against the same or similar defendants. In *Whitt v. Richland Holdings, Inc.*, counsel represented a plaintiff who brought suit against the same defendants as here, AcctCorp. and RC Willey, alleging, among other things, FDCPA violations against RC Willey. No. 2:17-cv-00014-APG-NJK, 2017 U.S. Dist. LEXIS 158415, at *8 (D. Nev. Sep. 26, 2017). In *Whitt*, the plaintiff admitted that RC Willey "is a creditor to which the FDCPA does not apply." *Id*. The court in *Whitt* granted RC Willey's motion to dismiss as to the FDCPA claims. *Id*.[3]

---

[2] Plaintiffs' argument that plaintiffs had no way of knowing of the violations because only an attorney reviewing the documents could identify the violations is unconvincing. This argument is clearly not sufficient to extend a one-year statute of limitations to three-years.

[3] The court filed the *Whitt* order on September 27, 2017, after this court filed its order dismissing the FDCPA claims against defendants here. However, plaintiffs' counsel filed their response in *Whitt* in February 2017, months prior to the dismissal in this instant case, admitting that the FDCPA does not apply to RC Willey.

In *Laforge v. Richland Holdings, Inc.*, where plaintiffs who alleged the same DTPA violations under very similar facts was represented by the same counsel, the court found that plaintiffs did not "provide any factual allegations to support a claim under § 598.0915(15)." No. 2:17-cv-00782-APG-VCF, 2018 U.S. Dist. LEXIS 10246, at *23 (D. Nev. Jan. 23, 2018). Judge Gordon repeated this same holding in *Cox v. Richland Holdings, Inc.* No. 2:16-cv-02914-APG-VCF, 2018 U.S. Dist. LEXIS 9214, at *11 (D. Nev. Jan. 16, 2018) (plaintiff "does not provide any factual allegations to support a claim under § 598.0915(15)").

In *Laforge*, the court also discussed a similarly alleged abuse of process claim. 2018 U.S. Dist. LEXIS 10246, at *19. The abuse of process claim in *Laforge* alleged that defendants conducted a willful act in the use of the legal process by "attempting to collect the unlawful rates of interest and by prosecuting an action based on unlawful collection practices." The complaint in the instant case made the exact same allegation.[4] In *Laforge*, the court held that the complaint did not contain sufficient facts to support the claim, but granted plaintiff "leave to amend their abuse of process claim if they can add additional facts alleging that the defendants undertook improper, willful acts in the state court action with an ulterior purpose." *Id*.

Here, the court granted defendants' motion to dismiss on the basis of issue preclusion. (ECF No. 23). However, the sheer number of procedural and substantive defects with plaintiffs' case, considered together with the holdings of other courts in similar cases brought by the same counsel here and based on similar facts, demonstrates bad faith on behalf of plaintiffs. The court holds that this suit was brought in bad faith and for the purpose of harassment. Therefore, the court will award defendants attorney's fees pursuant to § 1692k.

c. *28 U.S.C. § 1927 and NRS § 18.010*

In light of the court's holding regarding § 1692k, the court will not consider defendants' arguments regarding 28 U.S.C. § 1927 and NRS § 18.010.

---

[4] The abuse of process claim in the complaint for this instant case states that "[b]y attempting to collect the unlawful rates of interest and by prosecuting an action based on unlawful collection practice committed by the Defendants, the Defendants conducted a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding." (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

- 7 -

*d. Calculating fees*

When calculating attorney's fees that flow from frivolous claims, the court begins with the lodestar figure. The lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable' fee, and upward adjustments of the lodestar are proper only in 'rare' and 'exceptional' cases." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (quoting *Del. Valley*, 478 U.S. at 565).

After determining the lodestar amount, the court may in its discretion, adjust the amount pursuant to a variety of factors. *City of Riverside v. Rivera*, 477 U.S. 561, 569, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) ("(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."); accord *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("We reemphasize that the district court has discretion in determining the amount of a fee award.").

The court begins its calculation by finding that defendants' counsels' hourly rate of $250.00 is reasonable. The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (holding that the reasonable rate to apply under section 1988 is the rate commonly charged in the local legal community); *Welch v. Metro. Life Ins Co.*, 480 F.3d 942, 946 (9th Cir. 2007). "[N]ormally the relevant legal community for determining

the prevailing market rates for attorney's fees is the community in which the forum is situated." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993).

Here, the relevant community is Las Vegas, Nevada. In Las Vegas, a $250.00 hourly rate is reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375.00 and $400.00 reasonable in Las Vegas); *Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 U.S. Dist. LEXIS 21345, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (Jones, J.) (finding a $250.00 hourly rate reasonably within the context of a section 1988 inquiry); *see also Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 U.S. Dist. LEXIS 6311, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250.00 hourly rate reasonable in Las Vegas); *Conboy v. Wynn Las Vegas*, LLC, No. 2:11-cv-01649-JCM-CWH, 2012 U.S. Dist. LEXIS 173711, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (same); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH, 2012 U.S. Dist. LEXIS 161930, 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250.00 and $400.00 reasonable in Las Vegas).

Additionally, as discussed above, a "strong presumption" exists that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. Neither plaintiff nor their counsel identified any persuasive reason as to why the lodestar amount should be adjusted.

Defendants' counsel attaches a billing statement listing the total hours worked on this litigation. Counsel billed 87.30 hours to AcctCorp and 56.90 hours to RC Willey. The court holds that the hourly billing statements constitute reasonable work spent defending this litigation. The court will award fees for the hours accrued since January 11, 2017, when defendants' counsel received the complaint. Calculating the defendants' fees accrued since January 11, 2017, yields $34,853.50 ($21,114.50 for AcctCorp and $13,739.00 for RC Willey).

The court holds that all costs billed in defending this action were reasonably incurred. *See* (ECF No. 28-15 at 24). The court will award defendants $1,495.61 in costs.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for attorney fees (ECF No. 28) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants shall prepare a proposed judgment consistent with the foregoing and submit it to the court within twenty-one (21) days for signature.

DATED March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**