# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

DANY GERALDO and WENDOLY GUZMAN,

Plaintiff(s),

v.

RICHLAND HOLDINGS, INC., et al.,

Defendant(s).

Case No. 2:17-CV-15 JCM (PAL)

ORDER

Presently before the court is defendants RC Willey Financial Services ("RC Willey") and Richland Holdings, Inc.'s, d/b/a/ AcctCorp of Southern Nevada ("AcctCorp") (collectively, "defendants") motion for attorneys' fees. (ECF No. 82). Plaintiffs Dany Geraldo and Wendoly Guzman ("plaintiffs") filed a late response without leave of the court (ECF No. 88), to which defendants replied (ECF No. 91).

Also before the court is plaintiffs' second motion to extend time to file a response to defendants' motion for attorneys' fees. (ECF No. 87). Defendants filed a response to the motion. (ECF No. 90). Plaintiffs have not filed a reply, and the time to do so has passed.

**I.     Facts**

This motion arises out of the court's grant of dismissal of plaintiff's claims and the subsequent motion and appellate practice that transpired thereafter.

On July 26, 2017, the court granted defendants' motion to dismiss plaintiffs' claims against them, with prejudice, on the basis of claim preclusion. (ECF No. 23). On August 9, 2017, defendants filed their first motion for attorneys' fees. (ECF No. 28). On August 14, 2017, while

the motion for attorneys' fees was in the process of being briefed by the parties, plaintiffs filed their notice of appeal of the court's order granting dismissal. (ECF No. 30).

On March 29, 2018, after full briefing on plaintiffs' appeal, the Ninth Circuit affirmed this court's decision to dismiss plaintiffs' claims with prejudice. (ECF No. 41). The following day, the court granted defendants' motion for attorneys' fees, awarding defendants a total of $34,853.50 in fees and $1,495.61 in costs. (ECF No. 40). In its order, the court held that plaintiffs brought the suit in bad faith and for the purpose of harassment and awarded defendants attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). *Id.*

After dismissal of the case was affirmed by the Ninth Circuit and attorneys' fees judgments were entered on behalf of RC Willey and AcctCorp, defendants made efforts toward collection, including filing a motion (and amended motion) for a judgment debtor exam ("JDE"). (ECF Nos. 51, 53). On June 6, 2018, Magistrate Judge Leen granted defendants' motion for JDEs, ordering plaintiffs to produce certain financial documents on or before June 20, 2018, and appear for the JDEs at the law offices of defendants' counsel on June 27, 2018. (ECF No. 56).

Plaintiffs failed to produce the financial documents as ordered by Magistrate Judge Leen by the date specified. (ECF No. 58). Instead, plaintiffs filed a motion for stay of execution on June 23, 2018, offering to post a surety bond in the amount of $39,698.43. (ECF No. 57). Plaintiffs also did not appear for their court-ordered JDEs on June 27, 2018. *See* (ECF Nos. 58-2, 58-3). Accordingly, defendants filed a motion for contempt sanctions on July 5, 2018, to compensate defendants' counsel for fees and costs incurred as a result of plaintiffs' failure to appear. (ECF No. 58).

On July 19, 2018, while defendants' motion for contempt sanctions was still pending, plaintiffs filed an "emergency" motion for protective order "to protect [p]laintiffs from the annoyance, oppression, embarrassment, and undue burden stemming from [defendants' motion for JDEs] . . ." (ECF No. 61). Subsequently, this court denied plaintiffs' motion for stay of execution and Magistrate Judge Leen denied plaintiffs' motion for protective order. (ECF Nos. 64, 74).

On July 30, 2018, plaintiffs filed a second motion for stay of execution, again offering to post a surety bond, this time in the amount of $42,532.21. (ECF No. 65). However, in plaintiffs'

**James C. Mahan**
**U.S. District Judge**

- 2 -

reply brief on the motion, plaintiffs informed the court that "circumstances" had changed, and that they found "themselves without the financial means to secure the collateral needed for the proposed bonds." (ECF No. 72). Accordingly, plaintiffs requested that the court grant their motion for stay of execution without posting a bond. *Id.* The court subsequently denied plaintiffs' motion for their failure to post a bond or cite adequate authority to convince the court that the posting of a bond was unnecessary. *See* (ECF No. 83).

On August 14, 2018, Magistrate Judge Leen held a hearing at which she granted defendants' motion for contempt sanctions and ordered plaintiffs to appear for rescheduled JDEs. (ECF No. 74). At the hearing, Magistrate Judge Leen admonished plaintiffs for bringing its various post-judgment motions while simultaneously failing to appear for a court-ordered obligation. (ECF No. 79 at 17) (hearing transcript). When plaintiffs' counsel failed to provide an adequate explanation for its actions, Magistrate Judge Leen concluded that plaintiffs had acted in bad faith in failing to attend the JDEs. *Id.* at 18.

On September 12, 2018, plaintiffs appeared for their rescheduled JDEs, which were to be conducted separately. (ECF Nos. 82-4, 82-5). At their respective JDEs, plaintiffs each denied ever receiving notice from their counsel, Vernon Nelson ("Nelson"), of the judgment entered against them on defendants' first motion for attorneys' fees, nor of their obligations to produce various financial documents and attend the court-ordered JDEs. *See id.* Moreover, plaintiffs denied any knowledge of Nelson having filed the various motions for stay of execution in which plaintiffs represented their willingness and ability to post a surety bond. *Id.*

Now, defendants move for fees and costs in the amount of $68,478.42 to cover such expenditures incurred since the filing of their first motion for attorneys' fees. (ECF No. 82).

**II.     Legal Standard**

Attorneys' fees determinations are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Thus, the "court has discretion to 'trim fat' from, or

otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460–61 (D. Nev. 1995).

After calculating the "lodestar" amount, the court can further adjust that figure by considering the factors laid out in *Kerr*, which materially mirror Local Rule 54-14. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016); LR 54-14.

Local Rule 54-14(b)(3) specifically identifies the information that a party must submit to a trial court in this district for the court's consideration of a motion for attorneys' fees. These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3).

### III. Discussion

The court will first address plaintiffs' motion to extend time to file a response to defendants' motion for attorneys' fees. (ECF No. 87). While the court recognizes that plaintiffs have not shown excusable neglect for their failure to file a timely response, the court will nevertheless grant plaintiffs' motion to extend time. *Id.*

Public policy favors disposition of cases and motions on their merits, and defendants have not demonstrated that the additional three days that plaintiffs took to file their response has in any way prejudiced them or otherwise caused undue delay. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("public policy favor[s] disposition of cases on their merits . . ."). The court will therefore consider plaintiffs' response and defendants' subsequent reply in its consideration of the instant motion for attorneys' fees.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*a. Defendants' motion for attorneys' fees*

Defendants argue that they are entitled to attorneys' fees pursuant to, *inter alia*, 28 U.S.C. § 1927.[1] (ECF No. 82). Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

"Section 1927 authorizes federal courts to punish barratry by requiring offending lawyers personally to satisfy their opponents' litigation debts. It applies in any proceeding in federal court, operates solely upon attorneys, rather than their clients, and applies with equal force against winners and losers." *Schutts v. Bently Nev. Corp.*, 966 F. Supp. 1549, 1558 (D. Nev. 1997).

The Ninth Circuit has looked favorably upon Section 1927 penalties:

> Imposing a monetary penalty on counsel is an appropriate sanction considerably less severe than holding counsel in contempt, referring the incident to the client or bar association, or dismissing the case . . . . It is appropriate that sanctions such as these are directed at the lawyers responsible, rather than the litigants.

*Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 520-21 (9th Cir. 1983) (internal citations omitted).

Further, § 1927 does not provide sanctions for initial filings made in bad faith. 28 U.S.C. § 1927; *see also Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). However, § 1927 does provide for actions taken subsequent to filing that multiplied the proceedings "unreasonably and vexatiously." *Id*.

Defendants argue that they are entitled to recover fees and costs incurred since the filing of their first motion for attorneys' fees. (ECF No. 82). Defendants reason that, because the court has already found that this suit was initiated in bad faith, plaintiffs remain liable for all further fees and costs incurred, pursuant to § 1927. *Id.*

---

[1] Defendants also assert that they are entitled to attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Nev. Rev. Stat. § 18.010, and "the court's inherent power." *See* (ECF No. 82). However, as the court finds that attorneys' fees are appropriate under 28 U.S.C. § 1927, the court will not address the propriety of awarding fees under the foregoing authorities.

James C. Mahan
U.S. District Judge

Additionally, defendants assert that Nelson should be held personally accountable for his failure to either produce his clients at their respective JDEs or file a motion for the appropriate relief prior to the JDEs scheduled dates. (ECF No. 91). Instead, defendants argue, Nelson initiated baseless appeals, filed frivolous motions to stay execution in an attempt to delay defendants' collection efforts (withholding information from his clients in the process), and caused defendants to incur further fees and costs defending against plaintiffs' various motions. *Id.*

The court agrees. Plaintiffs Wendoly Guzman and Dany Geraldo each provided sworn deposition testimony that Nelson never apprised them of the judgments entered against them on behalf of defendants, their obligation to attend their respective JDEs, the various motions for stay of execution that Nelson filed on their behalf, nor of their representations to the court that they would secure surety bonds in support of their motions to stay.

In plaintiffs' response to the instant motion, Nelson provides his own sworn declaration stating that he attempted to make contact with his clients regarding the various motions for stay and judgment debtor obligations but was unable to reach them. (ECF No. 88-1). Nelson further submits that his ongoing attempts to settle the matter with defendants and independent requests to defendants' counsel to reschedule the JDEs excuses his failure to abide by Magistrate Judge Leen's order. *Id.*

Nelson's excuses do not satisfy the court. As Magistrate Judge Leen noted at the August 14, 2018, hearing, plaintiffs' motions for stay of execution and independent attempts at settlement do not nullify their duty to comply with the court's order. (ECF No. 79 at 15). Indeed, Nelson's failure to follow proper procedure has directly led to the filing of additional motions and supporting briefs regarding execution of the judgments entered on behalf of defendants. If Nelson knew that his clients would not appear at the court-ordered JDEs, he should have filed the appropriate motion for relief prior to the date of the examinations. Had he done so, this may have obviated the need for the extensive motion practice that has taken place since.

Accordingly, the court finds that Nelson has multiplied the proceedings in this case unreasonably and vexatiously, and will therefore require him "to satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

   b. *Local Rule 54-14 factors*

In their response to the instant motion, plaintiffs dispute that defendants are entitled to fees, but nevertheless concede that the amount of the requested fees sought by defendants is reasonable. (ECF No. 88 at 21). In light of plaintiffs' concession that the fees requested are reasonable and defendants' full, detailed briefing of the LR 54-14 factors, the court is satisfied that defendants' requested fees are reasonable under the "lodestar" test. *See* (ECF No. 82).

Accordingly, the court will grant defendants' motion and award fees and costs in the amount of $68,478.42 ($43,087.50 in attorney fees and $2,226.84 in costs for AcctCorp and $21,749.00 in attorney fees and $1,415.08 in costs for RC Willey), to be paid by Vernon Nelson, counsel for plaintiffs.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to extend time (ECF No. 87) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for attorneys' fees (ECF No. 82) be, and the same hereby is, GRANTED.

The clerk of court is instructed to enter judgment in the amount of $45,314.34 in favor of AcctCorp and $23,164.08 in favor of RC Willey, all to be paid by plaintiffs' counsel, Vernon Nelson.

IT IS SO ORDERED.

DATED May 17, 2019.

_____
UNITED STATES DISTRICT JUDGE